## MARIA HALES *et al.*

### *v.*

## THOMAS G. HOLLAND.

1. ADMINISTRATION OF ESTATES —*final settlement—presumption.* After an administrator has made a final settlement of the estate, it will be presumed that he has paid out all the assets in his hands, upon claims and to the distributees.

2. SAME—*remedy in chancery.* A court of chancery will not entertain a bill for the simple purpose of probating a claim against an estate, where the claim is purely legal in its character, such as a promissory note, even though the note has been destroyed, but will remit the party to the remedy provided by statute for presenting such claims for allowance in the county court.

3. SAME—*presentation of claims after the time appointed for adjustment—notice.* Where a claim against an estate is presented to the county court for allowance after the time appointed by the executor or administrator for the adjustment of claims, without having given notice thereof to the personal representative, as required by the statute, or the personal representative shall appear and waive notice, the court will have no jurisdiction of the person of the executor or administrator, and any order made by the court relating to the claim without such jurisdiction will be a mere nullity, and may be questioned even in a collateral proceeding.

4. So upon bill in chancery for the restoration of an order purporting to allow a claim, entered upon the records of the county court, but which had been subsequently set aside, it was *held*, even if a court of chancery would entertain a bill for such purpose, it could not grant the relief in this case, because, at the time of the entering of the order sought to be restored, the county court did not have jurisdiction of the person of the personal representative of the estate, and the order was void, and could not be restored.

5. DECREE—*as against one not a party.* One who is not a party to a bill in chancery can not be required to execute the decree, nor can he be proceeded against for contempt in refusing to obey its direction.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

This was a suit in chancery, commenced in the circuit court of Jefferson county, and removed upon change of venue into the circuit court of Washington county. A decree was entered granting the relief sought by the bill, and the defendants appealed.

Messrs. CASEY & DWIGHT, Mr. THOMAS S. CASEY, and Mr. E. V. SATTERFIELD, for the appellants :

The judgment of the county court allowing the claim against the estate, being entered without having jurisdiction of the persons of the administrators, was a mere nullity, and could be questioned in a collateral proceeding. *Buckmaster et al.* v. *Carlin,* 3 Scam. 104; *Belingall* v. *Gear,* id. 575; *Swiggart et al.* v. *Harber et al.* 4 id. 364; *Rockwell et. al.* v. *Jones et ux.* 21 Ill. 279; *Moores et al.* v. *Hogle et al.* 37 id. 150; *Botsford* v. *O'Connor et al.* 57 id. 77.

" A court of equity will not assume jurisdiction of claims against an estate except in extraordinary cases where the remedy afforded by the statute is inadequate.

"It is for the very plain reason that the statute has pointed out a different mode, and the party must pursue the remedy provided by law." *Harris* v. *Douglas et al.* 64 Ill. 466; *Freeland, Exr. etc.* v. *Daisey et al.* 25 id. 296; *Armstrong* v. *Cooper,* 11 id. 560; *Blanchard* v. *Williamson,* 70 id. 647.

Messrs. W. & E. L. STOKER, for the appellee :

The statute, in conferring upon the county courts jurisdiction in the administration of estates, did not take away the original jurisdiction in chancery on that subject. The circumstances here would especially call upon a court of chancery to intervene—the destruction by the county court of the record of a judgment. *Labadie* v. *Hewitt,* 85 Ill. 341; *Varet* v. *N. Y. Ins. Co.* 7 Paige Ch. 567; 1 Story Eq. Jur. secs. 550, 551, and note 2.

The court of equity having acquired jurisdiction, it will first direct the administration of the personal estate to the payment of the debts, and in intestate estates will direct it in the first instance to pay the debts. 1 Story Eq. Jur. 5th ed. sec. 571.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill filed by Hollånd, in the Jefferson circuit court, against Maria Hales and the other heirs of Franklin S. Casey, deceased, and Thomas J. Casey, an heir and one of the administrators of his estate. The object of the bill was to enforce the payment of a claim held by Holland against the estate of deceased. The claim was evidenced by a note given by deceased to complainant in 1869, for the sum of $1300, drawing ten per cent interest, and amounting at the rendition of the decree to the sum of near $2000.

It appears that Franklin S. Casey died intestate in March, 1871; that administration was had, and a final settlement of his estate was made in April, 1873; that complainant's house was consumed by fire in May, 1872, and the note was then burned and destroyed.

Complainant had filed his claim in the probate court, and the clerk, without any adjudication or any action taken on the claim by the court or judge, entered an order allowing it. Subsequently this order was set aside and vacated by the county judge. The claim was filed in the probate court within two years from the granting of letters of administration, but a year after the term fixed for adjustment of claims against the estate. On the day that a final settlement of Casey's estate took place, complainant was present, and the court refusing to hear evidence and adjudicate on the claim unless he gave notice to the administrators, as required by the statute, or they should waive service, he withdrew his claim and dismissed his proceeding, and thereupon filed this bill.

On a hearing in the court below, the relief was granted, and although the administrators had made a final settlement, and been discharged from further administration, the court found that there was due to complainant the sum of $1982.46, and that the administrators proceed at once to administer the assets remaining in their hands as such, and pay off and discharge

complainant's debt, with interest thereon to that date at the rate of six per cent, in due course of administration, so far as assets remained in their hands unadministered, and should be sufficient; that should the administrators neglect to proceed according to the decree, upon affidavit filed they should be attached, etc. The decree further found that the heirs of Franklin S. Casey were liable to pay the claim after deducting any sum that should be paid out of the assets of the estate, and that they should pay the same *pro rata,* with six per cent interest, and in default thereof that execution issue against any of the heirs who should make a default, for their *pro rata* share.

Osborn, one of the administrators, was not made a party to the bill, and there was manifest error in rendering a decree against him, and decreeing him to be in contempt, and to be attached in case he failed to carry out the decree. This seems so plain and elementary that the citation of authority is unnecessary.

Again, the estate had been finally settled, and the presumption must be, that the administrators had paid out all of the assets in their hands—otherwise there could be no final settlement. The presumption, then, being that they had paid out all assets on claims against the estate, and to the distributees, until overcome by evidence, we must conclude they had no assets in their hands to administer, and the court does not find that there were assets remaining to be administered.

But the main question in the case is, whether chancery will take jurisdiction to allow the claim, for that is the effect of the relief sought. The statute has prescribed a simple, expeditious and inexpensive mode of presenting and allowing claims against estates in the probate court. The remedy thus given to creditors of estates is ample and complete in all ordinary cases. Here was a simple legal claim, a debt due by note, and susceptible of proof, and free from all equitable complications. If equity may take jurisdiction to hear proof and allow such a claim, then it is difficult to conceive a

claim so purely legal in its nature that a bill might not be maintained to establish it, and to control its administration. It never could have been intended by the General Assembly that every person having a note, account or other legal demand should have the right to resort to the expensive course of filing a bill for the simple purpose of probating the claim, and if one such claim may be thus probated, all may, and estates consumed in the payment of costs of litigation. To so hold would be to defeat the statute prescribing the mode of settling estates, and to render the probate court useless, and substitute a different mode of adjusting estates from that established and required by the General Assembly. See *Blanchard* v. *Williamson,* 70 Ill. 647.

It is true that there may be isolated cases where a claim against an estate is equitable, or is so entangled that a court of law is unable to investigate and establish it for allowance against the estate, and the intervention of chancery may become necessary for the adjustment of such claims. But such cases are rare and of an extraordinary character.

In the allowance of claims the probate court is invested with a large and comprehensive jurisdiction. It may exercise large equity powers in adjusting claims and settling estates. Possessing these powers, it rarely becomes necessary that a resort should be had to equity. In this case the powers and jurisdiction of the probate court were ample for the adjustment of this claim, as it depended entirely on the simplest rules of common law jurisprudence. It involved nothing in its adjustment that was intricate or in the least degree difficult, to say nothing of a want of equitable interference.

It surely will not be contended that any creditor may file a bill on a purely legal demand against an estate for allowance and administration, and thus remove the settlement of the entire estate from the probate court, where the statute has placed it. To administer the assets of the estate for the satisfaction of one claim would necessitate the settlement of the entire estate. To order its payment would require an

investigation of the condition of the estate, the claims allowed and preferred against it, and the situation and condition of the assets and the accounts of the executor or administrator. The chancellor surely has no such power, and until required by legislative enactment it can not be sanctioned.

In this case the claim was filed with the clerk but a year after the time fixed for the adjustment of claims against the estate. With it was filed an affidavit of the destruction of the note. There was, however, no notice of any kind of the presentation of the claim given to the administrators, as the statute requires, nor did they appear and waive service, or otherwise dispense with notice.

The 61st section of chapter 3 of the Revised Statutes of 1874, p. 115, provides that any person having a claim against an estate, and failing to present it for allowance at the time fixed by the executor or administrator for the adjustment of claims, may afterwards file the same with the clerk of the court, who shall thereupon issue a summons, unless the executor or administrator shall waive the issuing of process to him or them, requiring them to appear and defend such claim at a term of court therein specified, which summons, when served, shall be sufficient notice of the presentation of the claim. This provision, substantially as found in this section, has been in force since 1859, and governs the allowance of such claims when not presented at the time designated by the executor or administrator for the allowance of claims.

There is no pretence that there was ever any summons issued in this case, or that appearance was entered and service waived by the administrators. The probate court, therefore, never acquired jurisdiction of the persons of the administrators, and hence was powerless to allow the claim. Any order the court may have made therefor would be without jurisdiction of the person of the administrators, and being without jurisdiction, it did not, nor could it, bind them or the heirs, creditors or distributees of the estate. Such an order was simply void, and bound no one, and could be attacked in a collateral

proceeding as effectually as it might be directly. It then follows, as the order reciting the allowance of the claim on the record of the probate court was void, it in nowise matters whether it was entered by the clerk under the direction of the judge, or without such direction, or whether or not it was subsequently canceled, as it was a nullity, and bound no one in any event. It then follows that there was no valid or binding order to be restored under the bill in equity, even if that court could have taken jurisdiction in a case where a binding order could have been restored.

After the claim was filed, had complainant sued out summons, had it served, and proved his claim within two years after granting of letters, he would have been entitled to participate in the inventoried assets of the estate. Having failed to do so, he must, to have payment of his claim, proceed under and conform to the 7th clause of the 70th section of chapter 3 of the Revised Statutes of 1874. To obtain satisfaction he must have his claim allowed in the probate court, and seek payment from uninventoried assets.

We are not called on to determine whether complainant may still have his claim probated although the administrators have settled their accounts and been discharged from further administration; nor do we express any opinion whether a new administration can be or is necessary to be raised in this case, as these questions do not arise on this record.

The complainant, as we have seen, had a complete remedy at law, and no equitable grounds appearing to take the case out of the jurisdiction of the probate court, the decree of the court below must be reversed.

*Decree reversed.*