RYMAN v. LYNCH.

**Jury Trial: RIGHT TO: COUNTER-CLAIM FOR DAMAGES IN EQUITABLE ACTION.** In an action to foreclose a mortgage, defendant pleaded a counter-claim asking damages against the plaintiff for slander, and he complains because the court refused to grant him a trial by jury on the counter-claim; but *held* that he was not entitled to such trial,—the rule being that all issues of fact arising in equitable causes must be tried by the court. (See Code, secs. 2517, 2740. *Morris v. Merritt*, 52 Iowa, 496, *distinguished.*)

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, JANUARY 22, 1889.

ACTION to foreclose a mortgage. The court refused to send the issue arising on a counter-claim interposed by defendant to a jury. Defendant declining to proceed further, the court entered judgment for plaintiff, and defendant appeals.

*Henry S. Wilcox*, for appellant.

*Geo. R. Sanderson*, for appellee.

GRANGER, J.—This is a proceeding in equity to foreclose a mortgage. The defendant pleaded a counter-claim, asking damage against the plaintiff for slander. The court, on motion of the defendant, refused to transfer the case to the law docket, to try the counter-claim to a jury. Afterwards, when the cause was reached for trial, the defendant demanded a jury for the trial of his counter-claim, which was refused, and these refusals are assigned as error.

The two assignments may be considered together. Appellant claims that the case of *Morris v. Merritt*, 52 Iowa, 496, is authority for his position. That was a law action, and the defendant, by his answer, tendered a purely equitable issue. The court held that, in a proceeding properly commenced by ordinary proceedings, if it involved issues at law and also in equity, those at law were triable to a jury, and those in equity to the court without a jury. This is an equitable action in which the defendant tenders an issue which would otherwise be triable to a jury, and the query is, does the same rule as to separating the issues for trial prevail? The ruling in *Morris v. Merritt, supra*, was based on section 2517 of the Code, as follows: "Where the action has been properly commenced by ordinary proceedings, either party shall have the right by motion to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and, if all the issues were such as were heretofore cognizable in equity, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings."

It will be observed that the language of the section is : "Where the action has been properly commenced by ordinary proceedings, either party may, by motion," etc. Does it follow, as a legal sequence, that, in actions

properly commenced by equitable proceedings, the same rule is to follow as to law issues tendered? The letter of the statute surely does not warrant it. We have no right to carry the law further than the legislature intended, and, having the subject of the separation of such issues for trial before it, if more had been intended it would naturally have been expressed. Under familiar rules for statutory construction, there is reason for thinking that, having provided in terms for such a separation in one class of actions, it was designed to exclude it in the other. Add to this section 2740, and we see little room for doubt. It is as follows: "Sec. 2740. Issues of fact, in an action in an ordinary proceeding, must be tried by jury unless the same is waived. All other issues shall be tried by the court, unless a reference thereof is made." The tendering of the opposite issue does not change the character of the proceeding. It retains its character for the purpose of trial, until changed by the court. This, then, after the answer was filed, was an issue of fact in an equitable proceeding, and must, under section 2740, be tried by the court.

AFFIRMED.