WILKINSON, Appellant, v. PRITCHARD.

**Practice:** LAW AND EQUITY. Issue was fully joined on matter within equity jurisdiction, and defendant asked a balance of purchase price and the foreclosure of a vendor's lien. Plaintiff then filed a substituted petition setting up matter wholly triable in a law court and moved a transfer to the law docket. Defendant refiled his answer to the original petition, in substance. Plaintiff thereupon offered to consent that the law court might establish any vendor's lien to which defendant was entitled and might issue a special execution. *Held*, the motion to transfer was properly overruled. The rule allowing issues to be separately tried in the two jurisdictions does not apply to cases *brought in equity* into which law issues are, later, injected.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

SATURDAY, JANUARY 19, 1895.

Action for fraudulent representations in the sale of land. Counterclaim and judgment for the defendant from which the plaintiff appealed.—*Affirmed*.

*Phillips & Day* for appellant.

*H. S. Winslow* and *Alanson Clark* for appellee.

Granger, J.—The original petition in this case was filed in equity asking for the rescission of a contract for the sale of seven hundred and twenty acres of land in Jasper county by defendant to plaintiff. The petition was answered by certain admissions and denials, with a counterclaim for an unpaid balance of the purchase

price, and asking the establishment and foreclosure of a vendor's lien. Afterwards plaintiff filed a substituted petition, in which is pleaded the fraud in the sale of the land, in which no equitable relief is asked, but a judgment for damages because of the fraud. This is followed by a motion by plaintiff to transfer the cause to the law docket for trial to a jury. To the substituted petition there is an answer and cross petition, substantially the same as to the original petition. Plaintiff, by way of "answer and reply to the cross petition of defendant," makes certain admissions, and a denial that the remainder of the purchase price of the land is due, because of the damage he has sustained on account of the fraudulent representations, and because of the failure of defendant to pay certain items of taxes and interest; and concludes with an offer to pay any balance that may be found due defendant after deducting his damages, taxes, and interest, and then adds: "These matters he now pleads by way of set-off against any claim by said defendant in his cross petition for unpaid purchase money." The pleading then contains a consent that a vendor's lien may be established for any balance due the defendant, and that a special execution may issue therefor without the aid of a court of equity. To this last pleading the defendant filed a general denial, whereupon the court overruled the motion to transfer the cause to the law docket, to which ruling plaintiff took exceptions, and the cause was tried as an equity case, resulting in a finding that "the equities arising by the plaintiff's pleadings and the answer thereto are with the defendant." Upon the issues presented by defendant's cross petition, and the answer thereto, the findings are with the defendant, and there is a judgment in his favor for the unpaid balance of the purchase price of the land, and a vendor's lien established.

I. Appellant urges that the court erred in overruling his motion to transfer the cause to the law docket, so that the issues could be tried to a jury. Quite a number of authorities are cited to show that plaintiff had the right to file his substituted petition so as to change the issues, and present matter for legal, instead of equitable, relief. There is no doubt as to such a right, nor is it questioned to us. But whether or not the plaintiff had the right to a change of forum for the trial of the issues depended, not only on the facts pleaded in the petition, but on the issues to be tried in the case and the relief sought. Plaintiff concedes that he chose the equitable forum with a view to the rescission of the contract. By so doing, he invited the defendant to the formation of such issues as would fully adjust their respective rights growing out of the land transaction. Defendant, besides taking issue upon the facts pleaded by plaintiff, presented a cross petition of equitable cognizance, to obtain judgment and foreclose his lien for purchase money due. It is at this stage of the proceeding properly an equitable action, and issues are tendered by both parties. Appellant then changes his petition so as to present on his part, merely, an action at law, but the issues upon the counterclaim remain the same. Had the action been commenced as an ordinary one, and the equitable issues been formed therein, under the statute, there could have been a separation of issues for trial, giving those properly belonging to an ordinary action to a jury, and those of equitable cognizance to the court. But this rule as to the separation of issues for trial does not apply to equitable actions (*Ryman v. Lynch*, 76 Iowa, 587, 41 N. W. Rep. 320), nor is that mode of trial asked. The application is to transfer the entire cause to the law docket for trial. After the substituted petition was filed, so that the case on the part of the plaintiff

presented a law issue, and that on the part of the defend-
ant a claim for equitable relief, we know of no control-
ling consideration favorable to a change of forum at
the instance of plaintiff, when the change would take
the defendant from the forum in which he was entitled
to be heard, and one that could not, in the absence of
consent, express or implied, grant the relief.   The judg-
ment entered in the case could not have been properly
ordered had the case been transferred.   It is urged that,
because of the admissions in the answer to the cross
petition, and the consent that a vendor's lien might be
established for any unpaid part of the purchase price
found due, and a special execution issue, it was clearly
the duty of the court to have granted the change; and
the case of *Morris v. Merritt*, 52 Iowa, 496, 3 N. W. Rep.
504, is cited.   That case is in line with what we have
said, that, had the action been commenced at law, there
could have been a separation of the issues for trial; but
it does not contain a remote intimation that a cause
pending in equity should be transferred to law with a
view to such a separation.   We do not think the fact of
such consent changes the situation.   If defendant was
entitled to relief in a particular forum, he was entitled
to have the facts upon which relief depended deter-
mined in that forum.   If the party, by such consent,
could change the cause from one tribunal to another,
why could it not be done in any case where liens are to
be established or foreclosed, and the issues are only
such as might arise in a law action?   The statute deter-
mines in what forum issues are to be tried, and under
what circumstances the forum is to be changed.   We
think the court did not err in its refusal to transfer the
cause to the law docket.

II.   The issues on the merits of the case are as to
fraudulent representations in the sale of the land, it
being averred that defendant represented said land to

be dry and tillable; that the land was not subject to assessment for a certain county ditch across it; that, of a tract of comparatively worthless land lying north of a ditch, no more than thirty acres belonged to the farm, and that the defendant's agent, one Bartholomew, represented defendant's price for the land to be thirty-three dollars per acre, when in fact, of the seven hundred and twenty acres sold, some four hundred and seven acres were subject to overflow from Skunk river, and about four hundred and twenty acres by water falling on neighboring lands; that the land was subject to assessment for the ditch; that there were fifty-nine instead of thirty acres of the worthless land belonging to the farm; and that defendant's price for the farm was thirty dollars instead of thirty-three dollars per acre, as represented by the agent. These averments are denied. We have carefully examined the evidence, and, while the testimony of the plaintiff sustains his claim as to the representations, they are overcome in many particulars by two witnesses, and the corroborating proofs are certainly as strong in favor of defendant as plaintiff. It seems beyond question that from three hundred and sixty to four hundred acres of the land were subject to overflow, and one cannot well escape a belief that the land was purchased under a mistake of fact in that particular, and that the purchase would not have been made had the facts been known. While plaintiff says that he was told that only thirty acres were subject to overflow, the evidence is strong to the effect that he was told that about three hundred and sixty acres were subject to overflow; and it seems to us that the mistake was not so much as to the amount of land subject to be covered with water, as to the frequency and effect of such occurrence. But the evidence does not show that plaintiff's misapprehensions in this respect were the result of fraudulent representations. We will not

attempt to review the evidence. There are some motions in the case that we do not notice, for we have considered the case as claimed by appellant, and hence he cannot be prejudiced. The judgment is *affirmed*.