R. W. MARQUIS, Administrator, v. M. A. ILLSLEY, Appellant.

**Right to Jury After Transfer to Equity.** Defendant was sued at law for converting property. He defended with the claim that a writing made by its owner gave him a lien upon it, and asked the foreclosure of that lien. The cause was transferred to the equity side, and its transfer as *an entirety* was not objected to. Thereafter plaintiff conceded that if the said writing was genuine it gave defendant a lien, and upon this concession, and plaintiff's request, the cause was then tried to a jury. *Held*, while this concession dispensed with some proof, it did not entitle plaintiff to a jury trial; for Code, section 2517, provides that where an action is properly begun at law, either party may move a transfer, and have issues exclusively cognizable in equity tried by equity procedure.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

TUESDAY, OCTOBER 13, 1896.

THIS action was commenced at law to recover damages for the alleged wrongful conversion of specific personal property. The defendant filed an answer, and also a motion to transfer the cause to the equity docket. The motion was sustained, and an answer to the counter-claim and a reply thereto were subsequently filed. A trial by jury was then had, special findings were returned, and a decree was rendered, from which the defendant appeals.—*Reversed.*

*Dowell & Parrish* for appellant.

*Henry S. Wilcox* for appellee.

ROBINSON, J.—The material facts involved in this case appear to be substantially as follows: At some time prior to the year 1889, G. S. Mann recovered judgment in the district court of Clay county against A. D. Taylor. An appeal from the judgment was taken by Taylor, and a supersedeas bond, with the defendant as a surety, was filed. To indemnify the defendant against loss by reason of his signing the bond, Taylor gave to him a bill of sale of several horses and colts, two carriages, and two sets of harness, and delivered to him nearly, if not quite, all the property therein described. Taylor died in July, 1889, and in October of the same year, this court reversed the judgment from which the appeal was taken, and the defendant was thereby released from further liability on the bond. 78 Iowa, 355 (43 N. W. Rep. 220). When the bill of sale was given, the defendant gave to Taylor a receipt, which provided, in effect, that, when the liability of the defendant should be at an end, he should re-convey to Taylor the property included in the bill of sale, after deducting therefrom the expense of keeping it. The plaintiff is administrator of the estate of Taylor. His petition shows the facts stated, and alleges that he has demanded of the defendant the return of the property, and has offered to pay him the reasonable expense of keeping it, but that the defendant has refused to comply with the demand thus made. Judgment for the value of the property is demanded. The answer of the defendant contains a general denial, but admits substantially all the averments of the petition, excepting the alleged conversion, and avers that he never received one pony, one carriage, and a harness described in his receipt. The answer also contains a counter-claim, in which the defendant alleges: That on the seventeenth day of September, 1888, Taylor made and delivered to him a

promissory note for the sum of two hundred dollars, payable one month after its date, with interest at the rate of ten per cent. per annum; and that on the same day, and as a part of the same contract, it was agreed that, to secure the payment of the note, the defendant should have a lien upon the horses described in the receipt; and that the agreement was indorsed on the note, in words as follows: "The within M. A. Illsley is to have a lien on the seven head of horses now in his possession. [Signed]. A. D. Taylor." That afterward Taylor turned over to him a mare, which is designated, for the agreed price of one hundred dollars, which was indorsed on the note. That afterward at the request of Taylor, the defendant turned over to H. J. Illsley two of the remaining horses, for which the plaintiff seeks to recover, and released them from his lien. That he has incurred a large expense in feeding and caring for the property, for which he is entitled to a lien upon it. That he is now, and at all times has been since the reversal of the judgment of the district court, ready and willing to turn over to the plaintiff all the property in controversy in his possession, upon the payment of the amount due on the note and for the expenses specified. The defendant asks that a lien be established in his favor, and for the amount found due upon the note, and for the amount due for expenses; that judgment be rendered for the amount due; and that the lien be foreclosed, and a special execution be issued to satisfy the judgment. When this answer was filed, the cause was transferred to the equity docket as stated. The reply to the counter-claim denies the signature of Taylor to the note and to the indorsement thereon, and avers that, if the note was made by Taylor, it was fully paid during his lifetime. The reply further alleges that the defendant had used the property in question, and that such use was worth more than the

expense of keeping it, and states that the plaintiff was appointed and qualified as administrator of the estate of Taylor three years before, but that the defendant had failed to file or present for allowance his claim as required by law, and that it was therefore barred. The averments of the reply are denied by the defendant. When the case was reached for trial, the attorney for the plaintiff stated that "the plaintiff concedes that, if the execution and delivery of the note, and the stipulation alleged to have been indorsed thereon in the cross-petition, are proved, they give to the defendant a lien upon seven head of horses then in his possession, for the payment of the amount due on the note." The court then said: "Upon the concession just made by the plaintiff, and his demand for a jury trial upon certain issues in said case, it is ordered that the further trial of the case be to a jury." The defendant objected to a trial by jury, on the ground that the issues were equitable; but the objection was overruled, and a trial by jury had. The jury found specially that there was due the defendant, for keeping the property, exclusive of the amount he had received for a sale of part of it, the sum of two hundred and forty-nine dollars and fifty-five cents; that he had received sixty-five dollars for the sale of a portion of it; that he had converted to his own use a mare of the value of one hundred and fifty dollars; that one hundred dollars were paid on the note during the lifetime of Taylor, but that he did not sign the indorsement thereon; and that the value of the property in controversy was five hundred dollars. The court adjudged that the defendant was entitled to a lien on the property in his hands for the sum of sixty-nine dollars; that unless the plaintiff paid that amount to the clerk within thirty days, special execution for the sale of the property should issue; that the defendant should deliver to the plaintiff the property in his

hands within five days after the service of writter notice of payment of the sum specified, to the clerk, or pay to the clerk five hundred dollars as the value thereof; and, in case of his failure to do so, that execution issue against him for that sum; and that he should not be held liable for any of the property which should die before delivery without fault on his part. The defendant complains of the ruling of the court which required a trial by jury.

The action was properly commenced by ordinary proceedings. No equitable relief was demanded by the petition. The defendant, in his counter-claim, tendered equitable issues, and demanded relief, which could only have been granted by a court of equity. The case was thus brought within the purview of section 2517 of the Code, which contains the following: "Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity, tried in the manner hereinafter prescribed in cases of equitable proceedings.   *   *   *" Under this provision, the issues presented by the counter-claim, were properly triable, as in equity, by the court, without a jury (Code, section 2740); and the court correctly sustained the motion, so far as it required those issues to be so tried. No objection was made to the ruling which transferred the entire cause to the equity docket.

So much of the cause as embraced the issues tendered by the counter-claim having been properly assigned for trial as in equity, did the concession of the plaintiff that, if the note and the stipulation indorsed thereon were proved to be valid, then they gave to the defendant a lien upon seven horses for the payment of the note, authorize the court to require a trial of the remaining issues by jury? We think not. A court of law could not have granted the relief to

which the defendant was entitled. The concession of the plaintiff might dispense with some proof, but could not confer upon the court, trying the cause as an action at law, power to grant equitable relief. This question was considered in *Wilkinson v. Pritchard*, 93 Iowa, 308 (61 N. W. Rep. 965), and a conclusion reached in harmony with the views we now express. It is true, that case was originally commenced in equity, and that actions so commenced are not subject to the same rule as those commenced at law. *Ryman v. Lynch*, 76 Iowa, 587 (41 N. W. Rep. 320); *Morris v. Merritt*, 52 Iowa, 501 (3 N. W. Rep. 504). But what was said with respect to the effect of admissions in regard to the rights of the parties is applicable in this case. That case was commenced in equity for the rescission of a contract for the sale of real estate. The answer contained a counter-claim for the unpaid portion of the purchase price, and for the foreclosure of a vendor's lien to enforce its payment. After that was filed, the plaintiff filed a substituted petition, in which equitable relief was not asked, but a judgment for damages because of alleged fraud in the sale, was demanded. To that the defendant filed an answer, which was substantially the same as that filed to the original petition. The plaintiff, in reply to that answer, offered to pay any balance found due, and consented that a vendor's lien be established for it. That being the condition of the pleadings, a motion to transfer the case to the law docket was made by the plaintiff, but overruled. In deciding the case on appeal, this court said, that the consent did not change the situation; that the statute determined the forum in which the issues should be tried; and that the defendant was entitled to have the facts upon which his right to relief depended, determined by that forum; and that, had the transfer been made, the judgment to which

the defendant was entitled, could not have been prop-
erly entered.  That was true in this case, of the issues
presented by the counter-claim, and the court erred in.
requiring those issues to be tried by jury.

This conclusion disposes of the controlling ques-
tions in the case, and makes a decision of other ques-
tions discussed, unnecessary.  The decree of the dis-
trict court is REVERSED. ·