## C. H. GATCH v. W. C. GARRETSON, *et al.*, Appellants.

**Construction of Lease:** EVIDENCE: *Contracts.* Under a lease of a building which fixes a certain rent and provides that the rent shall be a lesser sum until the landlord shall cause the premises to be heated by steam, there is no obligation to furnish the steam, except as a condition precedent to recovering the higher rental. Nothing is required, at all events, except sufficient heat to make the premises comfortable, and the burden of showing that this was not furnished, is on lessee.

**AGREEMENT TO FURNISH HEAT:** *Evidence.* Defendants leased a portion of a building for use as a lodging house, the building to be heated by steam, by the lessor. Experts testified that the radiation provided by the lessor was sufficient to keep the rooms comfortable for sleeping purposes, and it appeared that other tenants in the same building received sufficient heat. *Held,* that the evidence justified the finding that the lessor had substantially complied with the obligation to heat the leased premises.

**Law and Equity:** CONSOLIDATION: *Waiver by Pleading.* An action at law and a suit in equity for the collection of rent were consolidated as a cause in equity, with a proviso that the consolidation should not prejudice the defendants' right to a jury trial upon the matters set out in his answer to the law action. A substituted petition asking equitable relief in the law action was filed, and after the consolidation, defendants filed an amended and substituted counter-claim, triable in equity. *Held,* that it was not error to refuse to permit the trial of the issues by the jury. Where an issue ordinarily triable at law, is presented by answer to an action properly commenced in equity, plaintiff is entitled to have it tried, as in equity.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

FRIDAY, DECEMBER 11, 1896.

THIS is a consolidation of two actions, the purpose of which was the collection of rent due. The first action was commenced at law, and was aided by a landlord's attachment. The second was brought in equity, to foreclose a lien given by the lease upon all property of the defendants used or kept in the leased premises, whether it was exempt from execution or not. On the application of the plaintiff, the action at law was transferred to the equity docket, and the two were consolidated, and heard as in equity, on their merits. A decree was rendered in favor of the plaintiff, for two hundred and forty dollars, with interest, attorney's fees, and costs, and ordering the proceeds of the attached property to be paid to him. The defendants appeal.—*Affirmed.*

*Merritt & Bunting* and *Jas. A. Merritt* for appellants.

*Gatch, Connor & Weaver* for appellee.

ROBINSON, J.—On the fifteenth day of July, A. D. 1892, the plaintiff leased to the defendants the entire second floor of a certain building in the city of Des Moines, for the term of fourteen months and fifteen days. The lease, which was in writing, required the defendants to pay a rent of fifty-six dollars each month, but contained a proviso that, until the plaintiff should cause the premises to be heated with steam, the monthly rent should be forty-five dollars. The premises were to be used "for a lodging house," and for no other purpose, excepting that the defendants were permitted to do the family cooking necessary for themselves. They took possession of the premises under the lease, and continued therein until about the first of January, 1894, or after the action at law was commenced. At about the time the term expired, the

parties had some conversation in regard to another lease, and one was drawn, but never signed. In the month of October, 1892, steam heat was furnished for the leased premises, and, thereafter, the defendants paid fifty-six dollars each month as rent, until August, 1893. Nothing was paid after July of that year, excepting forty dollars. Therefore, if the defendants are responsible for rent at the rate of fifty-six dollars per month from the first day of August, 1893, to January, 1894, they were owing to the plaintiff the amount fixed by the decree of the district court. The defendants claim that the plaintiff agreed to furnish good and sufficient steam heating for the leased premises, but failed to do so, and that, for that reason, they were not required to pay more than forty-five dollars per month as rent. As further defense, the defendants claim that, by reason of the alleged failure of the plaintiff to furnish the heat for the premises, as agreed, eight of the seventeen rooms included therein could not be used, and were of no value to them during cold weather, and that the other rooms were not adequately warmed; that, in consequence of the failure of the plaintiff to furnish the necessary heat, the defendants were unable to let the rooms during cold weather; that, relying upon the agreement of the plaintiff, they furnished the rooms at a great expense, and continued to occupy the premises from month to month, believing that the plaintiff would, within a short time, fulfill his agreement; that the money they have paid as rent is more than the reasonable value of the premises during the time they were occupied by the defendants; and that, by reason of the facts stated, the rent has been fully paid.

After the two actions were consolidated, the defendants filed what they style their "amended and substituted counter-claim to both of the above causes." That recites the leasing by the plaintiff;

that he agreed to furnish the necessary steam heat for warming the premises, but failed to do so; that the defendants were unable to warm them by using stoves, for the reason that they were in a two-story building, the chimneys of which were without proper draughts, because they were not in good order, and because of the proximity of a seven-story building; that the value of the premises was much less than it would have been had the plaintiff fulfilled his agreement; that, while the defendants were occupying them, he promised repeatedly that he would fulfill his agreement, and that, relying upon these promises, the defendants continued to occupy the premises, and to pay rent therefor; that, by reason of the failure of the plaintiff to furnish the required amount of steam, the reasonable value of the premises during the time they were occupied by the defendants was but two hundred and twenty-five dollars; that, by reason of the alleged failure of the plaintiff, and the consequent inability of the defendants to let the rooms, they were damaged in the sum of four thousand and forty dollars. The counter-claim further alleges that the attachment was wrongful, and that the plaintiff wrongfully converted to his own use attached property of the value of five hundred and sixty-nine dollars, by reason of which the defendants have sustained damages to that amount; that the defendant, W. C. Garretson, sustained damage in the further sum of one hundred dollars by reason of an alleged wrongful levy of the attachment on his property which was exempt from execution. In another division of the counter-claim, the defendants claim to have sustained damages to a large amount by reason of the seizure of personal property under a special attachment which was issued in the action in equity.

I. The order of the district court which sustained the application of the plaintiff to consolidate the two

actions provided that the consolidation should not "in any way prejudice whatever right defendants may have to a jury trial of the matter set out in their answer." When the order was made, the pleadings which had been filed were the original petition of the plaintiff, and the answer thereto (which included counter-claims for the alleged failure of the plaintiff to perform his agreement for heating the building, and for the alleged wrongful conversion of property taken under the landlord's attachment), an amended and substituted petition to which an answer had not been filed, and the petition in the action in equity. The answer to which the order of consolidation referred, was the one filed to the original petition. After the order was made, the defendants filed an answer to the substituted petition, and on the same day the "amended and substituted counter-claim," which was, in terms, made to apply in both cases. To the final answer, the plaintiff filed a reply. When the consolidated actions were reached for trial, the defendants demanded a trial by jury, of the issues made on their counter-claims. The demand was refused, the district court holding that the defendants had a right to a jury trial on their counter-claim as it stood when the cases were consolidated, but that the issues as presented by the amended and substituted counter-claim were triable in the action in equity, and not in the action at law. The defendants excepted to the ruling, but, after consultation with counsel, elected "not to dismiss any item of the counter-claim." They now complain of the rulings of the court in refusing to allow them a jury trial. The action in equity was commenced to foreclose the lien given by the lease upon certain personal property used in the leased premises, but claimed by the defendant, W. C. Garretson, to be exempt from execution. The substituted petition in the action at law asked the foreclosure of

the lien given by the lease upon all property of the defendants used and kept in the leased premises during the term of the lease, whether exempt from sale on execution or not. It will be noticed that, after the filing of the substituted petition, equitable relief was being asked in each action. The right of the plaintiff to thus change the action commenced at law, and to have the two actions consolidated, does not appear to have been questioned. It is the right of either party to an action properly commenced by ordinary proceedings, to have issues exclusively cognizable in equity tried in equity, by the court, without a jury. Code, section 2517; *Morris v. Merritt*, 52 Iowa, 501 (3 N. W. Rep. 504). As a rule, issues of fact in an action in an ordinary proceeding must be tried by a jury, unless a jury is waived. Code, section 2740. But, when an issue which would ordinarily be tried as at law is presented by answer in an action properly commenced in equity, the plaintiff is entitled to have it tried as in equity. *Ryman v. Lynch*, 76 Iowa, 588 (41 N. W. Rep. 320); *Wilkinson v. Pritchard*, 93 Iowa, 308 (61 N. W. Rep. 965). See, also, *Marquis v. Illsley*, 99 Iowa, 135 (68 N. W. Rep. 589). Therefore, it was the right of the plaintiff to insist that the issues presented by the substituted counter-claim in the action, commenced in equity should be tried in equity. The substituted counter-claim was intended to be considered as in each case, and, therefore, the issues which it tendered, were the same in both cases. But the defendant was not entitled to have two trials of the same issues,—one at law, and the other in equity. Although the first action was commenced by ordinary proceedings, yet, by the filing of the substituted petition, its character was changed to that of an action in equity; and, it was, for all practical purposes, the same as though it had been commenced in equity. As both actions

were pending in equity, and, by reason of the consolidation, were, virtually, but one case, the district court rightfully refused to permit a trial of any of the issues by jury.

II.   It is claimed by the appellants that the lease given by the plaintiff required him to furnish steam heat when it should be needed, and sufficient in amount to keep all of the rooms in the leased premises comfortable for use at all times.   We have examined the lease with much care, but we do not find that it, in terms, required him to furnish steam heat.   The only provision in regard to heating is contained in a portion of the lease, of which the following is a copy:   "Provided, that, until said Gatch shall cause said premises to be heated by steam heat by the Des Moines Steam Heating Company, the monthly rent shall be $45."   There is a further provision to the effect that the plaintiff should not be under any obligation to make repairs during the term of the lease.   We are of the opinion, however, that, to entitle the plaintiff to the full rent of fifty-six dollars per month, he was required to furnish sufficient steam heat to make the premises comfortable for the purpose for which they were leased; that is, for a lodging house. He placed in them steam radiators, which he caused to be supplied with steam by the Columbus Buggy Company, for the reason that he was unable to secure a connection with the works of the Des Moines Steam Heating Company.   The source of supply was not, however, a matter of consequence to the defendant so long as the supply was sufficient.   Whether it was sufficient is the question of chief importance in the case.   The burden of showing that it was not, is on the defendants.   *Hoffman v. School District*, 96 Iowa, 319 (65 N. W. Rep. 322).   Much evidence was offered by the defendants to show that the leased premises were not made comfortable by the steam heat furnished,

and it shows that there were times when the rooms were not warm enough for persons to sit in them at all times of every day, with comfort. Four of the rooms were occupied by the defendants. Twelve were to let all of the time, and another, a part of the time. All of the rooms which were intended for letting, opened upon a hall which was supplied from two steam radiators. Six of those rooms were supplied with radiators. Two rooms which did not have radiators opened into rooms which were supplied with them, and four rooms were warmed, only, from radiation in the hall. It is shown by expert testimony, that the radiation furnished was of sufficient capacity to make all of the rooms comfortable for sleeping purposes, and that it was more than is usually furnished for the same space in ordinary hotels. The plaintiff employed a janitor, who was instructed to so manage the regulator as to keep the temperature at from seventy to seventy-five degrees, and made arrangements by which the defendants and other tenants who occupied portions of the same and another building could procure additional heat, and make proper complaint if it was not furnished. The defendants complained a few times that the heat was insufficient, but always paid, without objection, the full rent of fifty-six dollars after the steam heat was furnished, until the next August. At one time, when complaint was made that some of the rooms were not sufficiently warmed, the plaintiff offered to furnish additional radiation for an increase of four dollars a month in the rent, but his offer was not accepted. Other tenants in the same building were supplied, from the same source, with all the heat they desired. The defendants furnished the rooms, and desired to let them to night lodgers, to traveling men who wished to use them but for a short time, and to others who desired more permanent lodgings. We cannot set out

all of the evidence with regard to the amount of heat needed and the amount furnished. We are satisfied, however, that the rooms were sufficiently warmed for the purpose for which the plaintiff leased them, and he complied, substantially, with all the obligations imposed upon him by the lease.

III. We have disposed of the controlling questions in this case. Some are suggested by the record, but are not presented in argument. Others, in view of the conclusions announced, are immaterial. The appellants complain that there were irregularities in the issuing of the attachment, but, as the claim is made for the first time in reply, it will not be further noticed. The decree of the district court appears to be correct, and is AFFIRMED.