KATIE FITZGIBBON, Appellee, v. MIDLAND MORTGAGE COMPANY, Appellant.

**TRIAL:   Dockets and Calendars—Counterclaim in Equity Transferred to Law.** A claim which, if tried alone, would be at *law,* but which is pleaded as a counterclaim to plaintiff's action in equity, may, after plaintiff has dismissed his petition and thereby removed all equitable issues from the action, be transferred to the *law* docket.

*Appeal from Iowa District Court.*—RALPH OTTO, Judge.

JUNE 24, 1924.

A COUNTERCLAIM based on a cause of action triable by ordinary proceedings was filed in an action in equity.  The petition was dismissed by plaintiff, who thereupon moved for a transfer of the cause to the law docket.  From an order sustaining the motion, defendant appeals.—*Affirmed.*

*Johnson, Donnelly & Lynch,* for appellant.

*W. E. Wallace,* for appellee.

VERMILION, J.—The plaintiff, the appellee, commenced this action in equity, to quiet her title to certain land and to cancel a contract appearing of record and alleged to be a cloud on her

title. The defendant and appellant in answer admitted appellee's ownership of the land, and alleged that Maurice Fitzgibbon, appellee's husband, acting for and on behalf of appellee, executed a written application for a loan of $10,000 from appellant, to be secured by a mortgage on the land, and containing an agreement that, if the application should be accepted by the appellant and the loan not be closed through the failure or refusal of the applicant to execute the necessary instruments, the applicant would pay appellant two per cent of the proposed loan. The acceptance of the application by appellant and the refusal of appellee.to execute proper notes and mortgage and complete the loan are alleged. By a counterclaim, based on the foregoing facts, judgment was asked against the appellee for $200. A reply was filed by appellee, in which she denied that she signed, or authorized Maurice Fitzgibbon.to sign for her, the application in question. Thereafter, the appellee filed a written dismissal, without prejudice, of her cause of action, and followed this with a motion reciting that the cause was then pending only upon the counterclaim, and asking that it be transferred to the law docket. This motion was sustained, and the appeal from the order sustaining the motion presents the only question involved.

It is plain that the only issue remaining in the case at the time the cause was transferred to the law side of the court was the claim of the appellant to recover on the counterclaim a money judgment against appellee. This issue was triable at law, and no equitable relief was asked.

It is not questioned but that, to the claim originally made in the petition, the appellant had a right to interpose, by way of counterclaim, a demand for judgment for the amount agreed in the application to be paid if the loan was not accepted, and that, so long as there was an equitable issue in the case, the whole controversy would have been tried and determined in equity. Upon the dismissal of the petition, the appellant had a right to proceed to trial upon its counterclaim, notwithstanding the dismissal. Code Section 3766. With the petition, which presented the only equitable issue, dismissed, and the issue remaining being one arising on the counterclaim and triable at law, did the appellee have a right to have the cause transferred to the law docket?

Section 3431 of the Code provides that in all cases, unless otherwise provided, the plaintiff must prosecute his action by ordinary proceedings. By Code Section 3432 it is provided that:

"An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket."

By Code Section 3433 the plaintiff is given the right to correct such an error without motion at any time before the defendant has answered, or afterwards on motion. Section 3434 of the Code gives the defendant the right to have the correction made by motion at or before the filing of his answer, where it appears that wrong proceedings have been adopted.

No objection seems to have been interposed to the withdrawal of the reply. The motion to transfer was made after the reply had been withdrawn, so that any contention as to the right to move for the transfer of the cause because of the previous filing of the reply is without merit. The trial court's exercise of discretion in such matters will not be interfered with, in the absence of a clear showing of abuse.

Had the appellant commenced in equity an original action upon the claim set up in the counterclaim, appellee would clearly have had the right, under the statute, to have the case transferred to the law docket. In several cases, however, it is stated somewhat broadly that the interposition, in an action properly begun in equity, of a counterclaim at law, does not authorize a transfer to the law docket. They will be found, on examination, to be cases where, at the time the question was raised, an equitable issue was presented in the petition or in the counterclaim or cross-petition.

In *Ryman v. Lynch*, 76 Iowa 587, frequently cited, the defendant in a proceeding in equity pleaded a counterclaim asking damages for slander. It was held that the defendant, having tendered in an equitable action an issue triable at law, was not entitled to demand a trial of the latter by jury. Here the equitable issue remained in the case.

*Frost v. Clark*, 82 Iowa 298, was an action to foreclose a mechanics' lien against the former owner of the property, who

contracted the indebtedness, and his grantees. A motion to transfer to the law docket the case as against the former owner was held to have been rightly overruled, and it was said that the case was properly commenced in equity, and that the point was controlled by the *Ryman* case. Although the equitable relief asked was denied, here again the equitable issue remained in the case.

In *Wilkinson v. Pritchard,* 93 Iowa 308, the petition was in equity, and asked for the rescission of a contract for the sale of land. The answer prayed for the establishment and foreclosure of a vendor's lien. A substituted petition was then filed, demanding damages on account of fraud in the sale, in which petition no equitable relief was asked. To this there was an answer and cross-petition, substantially the same as to the original petition. A reply was filed, consenting to the establishment of a vendor's lien for any balance found due the defendant. Plaintiff's motion to transfer the case to the law docket was overruled. It was said that an equitable issue was presented by the cross-petition, and it was held that plaintiff, by changing his petition so as to present merely an action at law, and consenting to the equitable relief asked by the defendant, did not become entitled to have the case heard at law. Here, also, an equitable issue was still involved.

In *Gatch v. Garretson,* 100 Iowa 252, two actions seeking to recover the same rent, one at law, with a counterclaim, and the other in equity, were consolidated, without prejudice to defendant's right to a jury trial of the matter set up in the answer. A substituted petition in the law action asked equitable relief. It was held that defendant was not entitled to a jury trial of the issues raised by the counterclaim; that, as the issues were finally presented, both actions were in equity, and the consolidated case was in equity.

*Fisher v. Trumbauer & Smith,* 160 Iowa 255, was an action in equity to reform a deed and to recover for a shortage in acreage, with a counterclaim. Defendant's motion to separate the issues for trial and his motion to transfer the whole case to the law docket were both overruled. On the original submission in this court, it was held that, the plaintiff not being found entitled to a reformation, the cause should have been transferred

to the law side of the calendar; but on rehearing, in view of an allegation in the petition of mutual mistake, for which plaintiff had a right to seek redress either at law or in equity, as he might elect, it was held that he was entitled to recover in equity for the shortage.

The foregoing cases all turned upon the fact that there was an equitable issue in the case at the time the request to transfer was made, and for that reason they do not support the rule as broadly as it is stated in some of them, that, if the action is properly begun in equity, the filing of a counterclaim at law will not authorize a transfer to the law docket.

In *Hartwig v. Iles,* 131 Iowa 501, in an action presenting purely equitable issues, after its submission to the court an amendment was filed, changing the demand from one of equitable cognizance to an action at law; and it was held that the amendment should have been permitted only on condition that the submission be set aside and the cause tried at law, as demanded by defendants.

The case of *Rohrbach v. Hammill,* 162 Iowa 131, was commenced as an action in equity, to recover an interest in a contract for the purchase of land, and for specific performance; and thereafter a substituted petition at law for the recovery of damages was filed, and the case was tried to a jury. It was held that, inasmuch as defendant had always denied plaintiff's right to any interest in the land, he had not been induced to change his position, and plaintiff had a right to change his action from equity to law. The same thing was held in *Cammack & Son v. Weimer,* 181 Iowa 1, where both causes of action were based on the same facts.

The thing essential to the retention of a case in equity when commenced on that side of the court is the presence of an equitable issue at the time the question is raised, and not alone the fact that it was originally commenced in equity. That the appellee, had the circumstances been such that she might originally have proceeded either in equity or at law, could have removed the equitable issue presented in her petition by changing her action from one in equity to one at law, is plain. She did effectually remove it by abandoning her claim entirely and dismissing her petition. The vital question in the controversy, the

right of the appellant to recover against her on the promise found in the application, is still at issue on the counterclaim, as an issue triable at law. The situation is not materially different, so far as the present question is concerned, from what it would have been had appellant commenced an independent action in equity to recover on the cause of action pleaded in the counterclaim. Appellee would have had an undoubted right to have the cause transferred to the law docket, under such circumstances. She is not, we think, deprived of that right by the fact that the question now at issue was originally presented by a counterclaim in an action properly commenced in equity, where all equitable issues have been removed by the dismissal of the original cause of action.

The order transferring the case to the law docket is— *Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.