KIMMEL INVESTMENT CORPORATION, Appellee, v. WILLIAM G. RENWICK, Appellant.

No. 42935.

JUNE 21, 1935.

REHEARING DENIED SEPTEMBER 27, 1935.

Jebens & Butenschoen and Chamberlin & Chamberlin, for appellant.

Smith & Swift, for appellee.

RICHARDS, J.—■■■ This action was brought in equity, for equitable relief against certain defendants not including appellant in his personal capacity. Later, plaintiff filed an amendment to the petition in equity, adding appellant in his personal capacity as a new defendant. The amendment alleged that plaintiff held by assignment the lessee's rights under a certain lease which had been terminated, in which appellant and others were lessors. That as a part of the lease, appellant and others, as lessors, had agreed to purchase from the lessee, at end of lease, a building on the premises at a valuation to be determined by three appraisers. That appellant and the other lessors had failed and refused to nominate an appraiser, as agreed in the lease, and thereby had made ineffective the agreement for an appraisement. Plaintiff prayed that the court find and determine the value of the building, and that plaintiff have judgment against appellant and the other lessors for such value with interest and costs, and for general equitable relief. To this amendment appellant filed an answer. Afterwards, all the equitable issues in the case were determined by decree, leaving undetermined only the issues raised in the amendment, over which the court retained jurisdiction by the terms of the decree. Afterwards appellant filed a motion that the cause of action set out in the amendment be transferred to the law side of the docket, as a law action. The motion was overruled, which ruling appellant assigns as error.

Whatever may have been the merits of defendant's motion, we are constrained to say that, having previously filed his answer, the motion was not timely. This is on account of sections 10944 and 10946 of the Code in following words:

"10944. Error—effect of. An error of the plaintiff as to the kind of proceedings adopted shall not cause the abatement or dismissal of the action, but merely a change into the proper proceedings, and a transfer to the proper docket."

"10946. Correction on motion. The defendant may have the correction made by motion at or before the filing of his answer, where it appears by the provisions of this code wrong proceedings have been adopted."

Appellant cites Fitzgibbon v. Midland Mortgage Co., 197 Iowa 1379, 199 N. W. 292, in which the defendant filed a law action as a counterclaim to plaintiff's petition in equity. The petition in equity was dismissed by plaintiff, who thereupon

moved for a transfer of the counterclaim to the law docket. This court affirmed the order of the lower court sustaining the motion.

The Fitzgibbon case does not sustain appellant because this court pointed out therein that no objection seemed to have been made to the withdrawal of the reply, and the motion to transfer was made after the reply was withdrawn, so that any contention as to the right to move for transfer because of the previous filing of the reply was without merit.

■■■ Appellant suggests that it was the elimination of the equity issues by the decree, leaving the amendment alone for trial, that created a situation entitling the appellant to file his motion. The proposition is not sound because under the provisions of chapter 485 of the Code, the appellant, by a proper motion before answering, could have accomplished a separation of the equity issues from the law action against him and the transfer of the law action to the law side of the calendar. But the right to so proceed was also waived when he filed his answer. Code sections 10963 and 10964. This disposition of the matter renders unnecessary a consideration of appellee's contention that the cause of action set out in the amendment was properly begun as an equity action and was not an action at law. Nor is there before us any question as to what may be the situation on the trial of the case, if upon the trial there should be an entire failure of proof that the action was properly brought in equity, and was a purely law action.

A second assignment of error is that the court erred in overruling a division of appellant's motion in which, subject to the motion to transfer, he moved that the question of fact involving the amount of damages, same being value of the building, be submitted upon the trial to a jury for determination. The court properly exercised its discretion in overruling the division of the motion just referred to. The case was on the equity side of the docket, and where a cause of action is properly commenced in equity the court will retain jurisdiction and determine the legal issues presented. Williamsburg Savings Bank v. Donohoe, 203 Iowa 257, 212 N. W. 555. The case is affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, PARSONS, and HAMILTON, JJ., concur.

DONEGAN, J., takes no part.