BANKERS LIFE COMPANY, Appellant, v. MARIE BENNETT, Appellee.

No. 43155.

Остовек 23, 1935.

Rehearing Denied February 15, 1936.

R. B. Alberson and E. M. Nourse, and Shull and Stilwill, for appellant.

George Gorder and Kindig, Faville & Mathews, for appellee.

Albert, J.—■■■ The petition and amendment of the plaintiff are in the form for an action to cancel a policy of insurance on the ground that it was procured by false and fraudulent representations. The policy bore date of April 20, 1932, and, among other things, it is alleged in plaintiff's petition that the policyholder committed suicide on the 26th day of February, 1934. The defendant filed an answer to plaintiff's petition, in which she made numerous admissions and denials, and alleged that she was entitled to recover on the policy the full amount thereof in the sum of $6,000. As a part of said answer, the defendant further says that there are no equities with the plaintiff, and that if the plaintiff has a remedy or has a full and complete remedy at law on the defense of said policy, this action should be transferred to the law docket. Wherefore, the defendant prays for judgment on the policy and that the cause be transferred to the law calendar for trial. This answer was filed on the 17th day of July, 1934. On March 11, 1935, the cause was assigned for trial on April 2, 1935, as an equity cause. On the

27th day of March, 1935, the defendant filed a motion to transfer the cause from the equity calendar to the law calendar. This motion covered numerous grounds, and was submitted to the court, and on April 3, 1935, the court ruled on the defendant's motion of March 27, 1935, and overruled the same. On April 11 following, there was a motion filed to set aside' the last above ruling, which was submitted to the court, and on May 9, 1935, the ruling formerly made overruling the motion to transfer the cause was withdrawn and set aside, and defendant's motion to transfer the case to the law calendar was sustained. From this last ruling, appeal is taken.

■■■ There are some fundamental propositions that are quite well settled. Where an action is *properly* brought in·equity, the defendant has no right to a trial by jury of the law issues presented by an answer. Crissman v. McDuff, 114 Iowa 83, 86 N. W. 50; Gatch v. Garretson, 100 Iowa 252, 69 N. W. 550; Wilkinson v. Pritchard, 93 Iowa 308, 61 N. W. 965; Frost v. Clark, 82 Iowa 298, 48 N. W. 82; Ryman v. Lynch, 76 Iowa 587, 41 N. W. 320. Our last expression on this doctrine is in the case of Kimmel Investment Corporation v. Renwick, 220 Iowa 362, 364, 261 N. W. 775, 776, where we said:

"The case was on the equity side of the docket, and where a cause of action is properly commenced in equity the court will retain jurisdiction and determine the legal issues presented." Citing Williamsburg Sav. Bank v. Donohoe, 203 Iowa 257, 212 N. W. 555.

The question, therefore, which seems to be the crux of this case is whether or not the plaintiff's cause of action was properly brought in equity.

It appears from the fact situation in this case that the policy was properly issued on the 20th day of April, 1932, and that on the 26th day of February, 1934, the insured committed suicide. This action was commenced on the 27th day of March, 1934. The question, therefore, is whether or not, after the death of the insured, an action in equity such as is here sought will lie.

In 9 C. J. p. 1173, section 30, it is said:

"In most jurisdictions where the question has arisen it is held that after a loss on a policy of insurance has occurred, a court of equity will not cancel a policy of insurance because of

fraud in its procurement in the absence of some special circumstances rendering the cancellation of the policy necessary for the protection of the insurer, the view being taken that the remedy at law is full, adequate, and complete.''

Numerous cases are cited supporting this text, and among them the case of Biermann v. Guaranty Mutual Life Ins. Co., 142 Iowa 341, 120 N. W. 963, where we said:

''Generally speaking, equity has no jurisdiction where there is an adequate remedy at law. 16 Cyc. 30. Of course, there is a certain field in which law and equity are said to have concurrent jurisdiction, and this jurisdiction includes a class of cases growing out of alleged accident, mistake, or fraud. But even in this common field courts of equity, though recognizing the existence of their jurisdiction, are generally reluctant to exercise it where the remedy at law appears to be adequate and complete. Gorman v. Low, 2 Edw. Ch. (N. Y.) 324; Robinson v. Chesseldine, 5 Ill. [4 Scam.] 332; Hales v. Holland, 92 Ill. 494; Knight v. Hardeman, 17 Ga. 253. This court has held that equity will not entertain an action to rescind a contract for mistake, unless it appears that an injury will result for which the aggrieved party will have no adequate remedy at law. Morse v. Beale, 68 Iowa 463, 27 N. W. 461. So, too, where a court of law has already obtained jurisdiction of a controversy involving an alleged fraud, equity will not interfere. Nash v. McCathern, 183 Mass. 345, 67 N. E. 323; Eaton v. Trowbridge, 38 Mich. 454; Sweeny v. Williams, 36 N. J. Eq. 627. To sustain the position of the appellant herein would be to sanction a practice by which the plaintiff in every action upon an insurance policy, or, indeed, upon every simple matter of contract, may be deprived of his constitutional right to have his cause submitted to a jury. The attempt so to do is by no means without precedent in this state. In the early case of Smith v. Short, 11 Iowa 523, Short brought an action at law to recover the price of certain land sold by him to Smith. The latter then sued out an injunction to enjoin the proceeding at law on the ground that the contract had been procured by fraud, and that Short had no title to the land he pretended to sell. In holding that the injunction was improperly issued, this court said: 'For aught that is shown, every matter stated in the bill can be made as fully available in answer and defense to the action at law as by an appeal to equity. Under such circum-

stances, the parties should be left to their legal remedies and defenses.' Practically the same question was raised in Smith v. Griswold, 95 Iowa 684, 64 N. W. 624. There an action at law was brought upon a duebill and upon cross-petition to reform the instrument a motion to transfer the issue to equity for trial to the court was overruled. Affirming this ruling, the opinion says: 'The sufficiency of the facts pleaded as a defense was not questioned, and, if they were established, the law forum gave the same relief as was sought in equity. The facts which would reform the instrument would defeat a recovery on it. Under such circumstances equity has no jurisdiction. This is elementary.' '' See, also, Lynch v. Schemmel, 176 Iowa 499, 155 N. W. 1019; Des Moines City R. Co. v. Amalgamated Association, 204 Iowa 1195, 213 N. W. 264.

The only special circumstance which the plaintiff claims to take the case from under this rule, is that among the terms provided in said policy is the following: "This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue," etc. This clause cannot avail the plaintiff anything and cannot be considered a special reason for invoking equity, because of the fact that the insured died before the two years provided in the policy had expired. Such is the pronouncement of numerous courts. See Cotton States Life Ins. Co. v. Cunningham, 141 Miss. 474, 106 So. 766; National Life & Accident Ins. Co. v. Propst, 219 Ala. 437, 122 So. 656; Ætna Life Ins. Co. v. Daniel, 328 Mo. 876, 42 S. W. (2d) 584.

On the general proposition involved herein, the modern line of authority holds that equity will not entertain jurisdiction to cancel a policy after the death of the insured, except when there are special equitable grounds alleged. See Prudential Ins. Co. v. Tanenbaum, 53 R. I. 355, 167 A. 147; Ætna Life Ins. Co. v. Daniel (Mo. App.), 33 S. W. (2d) 424; Id., 328 Mo. 876, 42 S. W. (2d) 584; Ebner v. Ohio State Life Ins. Co., 69 Ind. App. 32, 121 N. E. 315; Ebner v. Western Reserve Life Ins. Co., 69 Ind. App. 734, 121 N. E. 323; Massachusetts Protective Ass'n v. Kittles (D. C.), 295 F. 572; Mueller v. John Hancock Mut. Life Ins. Co. (Mo. App.), 261 S. W. 709; Travelers Ins. Co. v. Snydecker, 127 Misc. 66, 215 N. Y. S. 276; Markowitz v. Metropolitan Life Ins. Co., 122 Misc. 675, 203 N. Y. S. 534; Continental

Casualty Co. v. Yerxa (D. C. Mass.), 16 F. (2d) 473; New York Life Ins. Co. v. Feicht (D. C.), 29 F. (2d) 318; New York Life Ins. Co. v. McCarthy (C. C. A.), 22 F. (2d) 241; Ætna Life Ins. Co. v. Kennedy (C. C. A.), 31 F. (2d) 971; Abraham Lincoln Life Ins. Co. v. Kleven (D. C.), 33 F. (2d) 638; National Life & Accident Co. v. Propst, 219 Ala. 437, 122 So. 656; Cotton States Life Ins. Co. v. Cunningham, 141 Miss. 474, 106 So. 766.

It being found, therefore, that the plaintiff's action was not properly brought in equity, the motion to transfer the cause to law was proper. The action of the court is, therefore, affirmed.—Affirmed.

KINTZINGER, C. J., and DONEGAN, MITCHELL, and POWERS, JJ., concur.