MORRIS v. MERRITT & CO. ET AL.

1. **Practice**: MANNER OF TRIAL: JURY. Where, in an action properly commenced by ordinary proceedings, a portion of the issues presented by the pleadings are exclusively cognizable in equity and a portion are law issues, either party is entitled to a jury for the trial of the latter. Those issues, whether legal or equitable, the determination of which will be most likely to dispose of the case, should be first tried.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 6.

ACTION upon two written contracts between plaintiff and W. H. Merritt & Co., wherein plaintiff undertook to deliver and the other parties to receive a large number of railroad ties. The petition alleges the failure and refusal of defendants to receive and pay for ties delivered by plaintiff, and other breaches of the contract. W. H. Merritt and William Green are co-partners of the firm of W. H. Merritt & Co.

W. H. Merritt pleaded an equitable defense to the action and upon his motion it was, against plaintiff's objection, transferred to the chancery docket and tried as an action in equity. The plaintiff excepted to these rulings of the court and demanded that the cause be tried by jury as an action at law. Upon a trial of the cause by the court as an action in equity there was a decree for defendants. Plaintiff appeals.

*Phillips, Goode & Phillips*, for appellant.

*Finch & Sickmon* and *Parsons & Runnells*, for appellees.

BECK, CH. J.—I. Wm. H. Merritt & Co. were sub-contractors for furnishing cross-ties to be used in the construction of the Continental railroad. They entered into two written contracts with plaintiff in which he undertook to furnish 150,-000 ties to be delivered along the line of the proposed railroad. The terms and conditions of these contracts need not be set out. The petition alleges the delivery by plaintiff of 25,000 ties and his readiness and ability to fully perform all obligations he assumed under the contract, and avers that defendants have failed and refused to pay for the ties delivered, and to perform other conditions of the contract. The answer of defendants denies that plaintiff furnished more than 3,000 ties, and alleges payment therefor. It avers breaches of the contract on the part of plaintiff, which are set up as defenses to the action. The pleadings thus far need not be more particularly stated.

Defendants filed an amended answer, pleading an equitable defense, which it becomes necessary to set out fully here for the reason that the questions upon which the decision of the case turns arise thereon. It is as follows:

"For a third and further defense defendants say that prior to and at the time of making said written contracts these defendants had entered into certain contracts with the said Continental Railroad Construction Company for the delivery of railroad cross-ties upon the line of said Continental Railway Company, a line of railway then in process of construction; that the contracts entered into with the plaintiff were made and entered into upon the following considerations and none other; that the plaintiff was fully informed of defendants' contracts with said railway construction company and the terms thereof; that the defendant William H. Merritt entered into an oral agreement with D. O. Finch to furnish the number of ties specified in the contracts with the plaintiff, upon the terms and conditions in said contracts specified; that it was understood that said Finch was not to take charge of the actual fulfillment of said agreement upon his part, but was to appoint some suitable and proper person to take charge thereof, and to have personal supervision of the same; that the said Finch nomi-

nated and appointed said plaintiff for such purpose and requested that the said contracts should be made for the purpose of carrying out the said agreement so made and entered into with him; that for that purpose and none other, and without any other and further consideration therefor, the defendants made and executed the said contract with the plaintiff; that it was then distinctly understood and agreed between these defendants and the said Finch and the plaintiff that the performance of said contracts upon the part of the defendants was contingent upon the construction of said railway and the performance by the said construction company of its contracts with these defendants; and it was further understood and agreed that the interest of the plaintiff in said contract was solely to be one-half of the net profits which might accrue thereunder, and that the said Finch was entitled to the remaining half thereof; and it was further understood and agreed that all actual profits made under said contract should be equally divided between this defendant, William H. Merritt, as trustee for said Finch, and the said plaintiff; that for the purpose of evidencing such agreement and understanding the plaintiff executed and delivered to this defendant, William H. Merritt, this contract or declaration in writing, a copy of which is hereunto annexed and marked Exhibit 'A,' and made a part hereof.

"That the plaintiff entered upon the performance of said contracts, and delivered about five hundred ties, and no more; that he in all respects wholly failed further to perform the same; that he wholly neglected to keep and observe the conditions of said contract upon his part, but from time to time falsely and fraudulently represented that he had at various places remote from said line of railway large numbers of ties ready for delivery, and by means of such false and fraudulent representation, and by further promising and agreeing to deliver the same upon and on the line of railway according to said contract, procured estimates to be made therefor, and advances and payments thereupon, amounting in the aggregate to two thousand eight hundred and ninety-six dollars and seventy cents; that in truth and in fact the plantiff had not

said ties ready for delivery; that at the time of procuring such payments, and when he so promised to deliver the same upon the line of said railway, he had failed to deliver five hundred thereof as aforesaid; that he subsequently wrongfully took and converted to his own use the number so delivered, and thereupon wholly abandoned the further performance of said contract, and converted to his own use all of the ties for which he had, as aforesaid, fraudulently procured payment and advances; these defendants further say that by the terms of their contract with the said railway construction company they were to receive forty-nine and one-half cents per tie for all ties delivered by them upon the line of said railway, upon the terms and conditions of their contracts with said company, which conditions were in all respects the same, except as to price, as those contained in the contracts of the plaintiffs; that the purpose of entering into the agreement with the said Finch was to secure the services of an efficient, prompt, competent and reliable person to aid in carrying out said contracts, and to superintend cutting, preparation and delivering of the said ties.

That the plaintiff, at the making of said contracts, was informed of and well knew said purpose, and from time to time, as estimates were made, promised to deliver the number and kind of ties for which estimates were made, upon condition that these defendants, and defendant Wm. H. Merritt, would make or procure advances from said railway company, to be made upon said ties before the actual delivery thereof.

That the said Wm. H. Merritt was subjected to large costs and expenses in procuring such estimates and advances thereupon to be made, to-wit: in the sum of five hundred dollars; that said plaintiff wholly neglected his duties in the supervision and carrying out of said contracts, and while pretending to be engaged therein was, by reason of habitual intoxication, wholly incompetent and unfit therefor. Wherefore, the defendants demand judgment against the plaintiff for the sum of three thousand dollars, and the defendant Wm. H. Merritt demands an accounting of all matters of business, services and expenses pertaining to the said contracts, and especially the

contract between the plaintiff herein and this defendant as trustee of the said Finch, and that upon said accounting it may be adjudged and decreed that the said plaintiff pay over to him one-half of all sums received by him as profits upon said contract, and that he be allowed all sums advanced by him, and prays for such other and further relief as may be equitable and proper."

Exhibit "A," referred to in the answer, is as follows:

"This may witness that Wm. H. Merritt, as trustee for D. O. Finch, of Des Moines, Iowa, in two contracts, made respectively August 23, 1872, for 100,000 cross-ties, and September 6, 1872, for 50,000 cross-ties, between Wm. H. Merritt & Co. and John Morris, for the furnishing of said 150,000 cross-ties by the latter. Wm. H. Merritt, as trustee for D. O. Finch, is an equal partner in the contract, but is to furnish all necessary legitimate expense money for carrying on the contract, and is to pay all the legitimate personal expenses of said Morris while engaged in furnishing said ties, as an offset to the time and labor of said Morris in filling the conditions of said contract.

JOHN MORRIS "

*Des Moines, September 6, 1872.*

The plaintiff in a replication admits the execution of the paper referred to in defendant's answer as exhibit "A," but avers it was fraudulently obtained for the purpose of enabling defendant Merritt to cheat his co-partner Green and plaintiff out of a part of the profits of the contract; that Finch in fact had no interest in the contract, and false representations to the effect that he had such an interest were made by Merritt, which induced plaintiff to sign the paper set out as an exhibit. Other allegations of the replication need not be recited.

Upon the motion of defendants the cause was transferred to the chancery docket and tried as an equitable action, the plaintiff claiming a trial of the issues raised upon his petition to a jury, as in an action at law. The cause was tried by the court as an equitable action. The refusal of the court to try the issues arising upon plaintiff's petition, as well as the

whole case, to a jury is assigned as error. This action of the court presents the only question for determination in the case.

II. The answer of defendants above set out presents, as it must be conceded, an equitable defense to recovery by plaintiffs upon the contract against the defendant Merritt, to the extent at least of one-half of the profits arising under the contract. The contract or declaration executed by plaintiff, under which Merritt as a trustee became an equal partner in the contract, raises an equity in him which he may set up against plaintiff. It is very plain that, if Merritt is entitled to any portion of the money which plaintiff claims, judgment ought not to be rendered against him, or the firm of which he is a member, in favor of plaintiff, until the equities between them are settled. The fact that Merritt is a trustee does not defeat his equity in this respect. As a trustee he is entitled to all equities and rights, and can enforce them, as though the trust did not exist and he himself were the sole party in interest. These conclusions, we think, cannot be doubted.

*1. PRACTICE: manner of trial: jury.*

Merritt's rights as a partner in plaintiff's contract can be enforced in chancery only. He may set up his rights as a defense to plaintiff's action to the extent they may reach in diminishing the claim against him. This he may do by what is called an equitable answer. The question now arises as to the manner of trying the issue presented by this equitable answer, and the other issues in the case arising upon plaintiff's petition. Code, section 2517, provides as follows:

" Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such as were heretofore cognizable in equity, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings."

This section provides that issues exclusively cognizable in equity shall be tried as equitable proceedings, i. e. by the court without a jury. Other issues not cognizable in equity

are to be tried as issues at law, *i. e.* by a jury. This is the obvious meaning of the section. In actions at law, therefore, when equitable issues are presented they are triable as in chancery; pure issues at law which are not cognizable in equity are to be tried to a jury. Such is the interpretation which this court has given the section. *Van Orman v. Spafford, Clarke & Co.*, 16 Iowa, 186; *Byers v. Rodabaugh*, 17 Iowa, 53; *Hackett v. High*, 28 Iowa, 539; *Kramer v. Conger*, 16 Iowa, 434.

In some of these cases it is said that the equitable issues should be first tried. This course we presume should be pursued when the trial of the equitable issue in a certain event would dispose of the case. But if the trial of the law issue would, in the event of a verdict for one of the parties, render a trial of the equitable issue unnecessary, in that case the issue at law should be first tried. The issue, either equitable or at law, should be first tried which may result in rendering a further trial unnecessary. This rule is supported by reasons based upon the economical and speedy administration of justice. If a single trial will dispose of a case, the law will not permit another. If the disposition of one issue may finally settle the rights of the parties it should be first tried, to the end that further proceedings may be dispensed with.

III. It only remains for us to inquire whether the issues arising upon the petition of plaintiff were cognizable in equity. These issues involve the breach of the contracts, the failure of defendants to pay for the ties delivered, and their default as to obligations they assumed under the contract. The plaintiff claims nothing more than the damages awarded by the law for such breach and default. His petition, therefore, presents no other than issues solely cognizable in a court of law. The court below was not, therefore, authorized to regard all the issues of the case as equitable issues and try them accordingly. It should have so proceeded that a trial of the law issues arising upon the petition would have been had first, and, in the event of a verdict for plaintiff, it should then have tried the equitable issues arising upon the answer of defendant Merritt. For the error of the court below in trying all the

issues of the case without a jury, in the manner above pointed out, the judgment is reversed and the cause is remanded for proceedings in harmony with this opinion.

REVERSED.