## MORSE v. BEALE.

1. **Corporation**: CONVEYANCE UNDER SEAL: AUTHORITY OF OFFICERS PRESUMED. Where the seal of a corporation is affixed to a conveyance of real estate, and the signatures of the president and secretary executing it are admitted, the courts will presume that they had authority to execute it, (*Blackshire v. Iowa Homestead Co.*, 39 Iowa, 624,) even though the articles of incorporation do not expressly confer such authority on them, but confer the power to control and manage the business of the corporation upon the board of directors and a committee of first mortgage bondholders.

2. **Conveyance**: INSUFFICIENT CERTIFICATE OF ACKNOWLEDGMENT: WHEN NOT MATERIAL. The certificate of acknowledgment of a conveyance is by law made evidence of the due execution of the instrument; but no acknowledgment is necessary as between the parties to pass the title to the grantee; and, where the due execution of the instrument is proved or admitted, it is immaterial whether or not the seal affixed to the certificate is such as the law requires.

3. ———: FAILURE OF TITLE AS TO PART: RESCISSION IN EQUITY. Where a deed purported to convey a number of lots, but it turned out that the grantor held no title to one of them and a part of another, but such lot and part of lot were detached from the rest of the property included in the purchase, and were not essential to the use and enjoyment of it for the purpose for which the purchase was made, *held* that the grantee had an adequate remedy in an action for damages, and that the facts furnished no ground for a rescission of the contract in equity.

4. ———: MUTUAL MISTAKE: RESCISSION IN EQUITY: WHEN NOT ALLOWED. The courts will interfere to cancel or rescind an executed contract founded in a mutual mistake only when it is made reasonably to appear that the party seeking relief will, unless such relief is granted, sustain an injury for which he has no adequate remedy at law. And in this case, where both parties to a conveyance supposed that it passed a clear title to the whole of the premises, but it afterwards appeared that a portion thereof was incumbered with a mortgage, but the mortgage in no way interfered with the grantee's use and occupation of the premises, and it did not appear that he would ever suffer any damage by reason thereof, or that he would not have an adequate remedy at law if he did, *held* that the contract should not be rescinded on account thereof.

*Appeal from Poweshiek Circuit Court.*

TUESDAY, APRIL 6.

PLAINTIFF's action is on two promissory notes, and for the foreclosure of a mortgage on real estate given to secure them. In a cross-petition defendant alleged that the notes were given for part of the price which he agreed to pay plaintiff for the real estate covered by the mortgage; that plaintiff conveyed said real estate to him by warranty deed, but that the title to a portion of it had failed; and that he was induced to make the purchase by certain false and fraudulent representations by plaintiff as to the location of one of the boundary lines of the property, and as to the width of the right of way of a railroad on which the property abuts, that being a matter materially affecting the value of the property for the use to which it was adapted, and to which he intended to appropriate it when he purchased it; and he prays for a rescission of the contract, and for general relief. The circuit court awarded defendant $300 as damages on account of the matters pleaded in the cross-petition, but refused to rescind the contract. It also gave plaintiff judgment for the amount of the two notes, less the amount awarded defendant as damages, and for the foreclosure of the mortgage. Both parties appeal. Defendant's appeal being first perfected, he will be designated appellant.

*Brown & Carney*, for appellant.

*Haines & Lyman*, for appellee.

REED, J.—Plaintiff's mortgage covers nineteen lots in Morse & Whitney's addition the town of Laurel. The addition was laid out and platted by the plaintiff and G. W. Whitney. It consisted of 28 lots numbered from 1 to 28 consecutively, lying on the north side of the Grinnell & Montezuma railway. Plaintiff sold and conveyed to defendant all of the lots in the addition, except numbers 1, 2, 3, 21, 22, 23, 24, 25

and 26, and defendant gave a mortgage on the same property to secure a portion of the purchase price. The plat of the addition, as made and recorded by the proprietor, shows the location of the south boundary line of the lots to be twenty-five feet from the center of the railroad track. · Defendant discovered, sometime after he made the purchase, however, that the railroad company's right of way extended fifty feet in width from the center of the track, and that the lots were not as long by twenty-five feet as he understood they were when he made the purchase. He also ascertained that plaintiff never had title to lot 28 and a portion of lot 27. He alleges in his cross-petition that plaintiff expressly represented during the negotiation that the railroad right of way was but fifty feet in width, and that the boundary line of the lots was but twenty-five feet from the center of the track; and he charges that plaintiff knew of the falsity of this representation when he made it, and that his intention in making it was to deceive and defraud defendant. He also avers that, if the lots had extended to within twenty-five feet of the center of the track, they would have been specially valuable by reason of their proximity to the railroad, as a place for handling grain, coal and lumber; and that, if the right of way had extended but twenty-five feet on each side of the center of the track, there would have been no opportunity for competitors in the business of handling those commodities to establish themselves thereon, and that he was induced by these considerations to purchase the property, and that it was of much less value than it would have been if the facts had been as they were represented by the plaintiff.

The evidence does not establish that plaintiff was guilty of any fraudulent misrepresentation as to the width of the right of way and the length of the lots. It shows very satisfactorily, however, that both he and defendant believed, at the time of the transaction, that the right of way was but fifty feet wide, and that the lots extended to within twenty-five feet of the center of the track. It also shows that their value was

much less than it would have been if the facts had been as the parties supposed they were at the time. When it was discovered that the parties had acted under a mistake as to the width of the right of way and the length of the lots, plaintiff procured from the railroad company a conveyance of a strip of the right of way twenty-five feet in width lying next to the lots. It is insisted, however, that this conveyance is not sufficient to pass the title to said strip of ground, because (1) the authority of the officers who assumed to execute it in the name of the company is not shown; and (2) its execution is not acknowledged as required by law. It is also shown that, before the conveyance was executed, the railroad company had given a mortgage upon all of its property to secure an indebtedness of a very large amount, and that this mortgage was duly recorded in the county. The conveyance was executed in the name of the corporation, and was signed by the president and secretary, and it bears the impress of the corporate seal. The genuineness of the signatures of the president and secretary to it is admitted by the pleadings. The articles of incorporation were introduced in evidence, and they do not by any express provision confer upon either the president or secretary the power to convey the real estate of the corporation. The general power to control and manage the business of the corporation is conferred upon the board of directors and a committee of first mortgage bondholders.

It was held by this court in *Blackshire v. Iowa Homestead Co.,* 39 Iowa, 624, that "when the seal of a corporation appears 1. CORPORA-TION: conveyance under seal: authority of officers presumed. to be affixed to an instrument, and the signatures of the officers executing it are proven, the courts will presume that they did not exceed their authority." Under this rule, the authority of the president and secretary to execute the deed in question must be presumed. It was competent for the board of directors and committee of bondholders to direct its execution by any officer or agent of corporation; and as it was executed under the seal and in the name of the corporation, the presumption is that

such direction was given. The conveyance purports to have been acknowledged before a notary public in the city of Baltimore, Maryland. The certificate of acknowledgment is in due form, but the seal of the officer does not contain the inscription required by our statute, and his official character is not otherwise shown. If the execution of the conveyance was denied, it may be true that the certificate of the notary would not, owing to this defect in the seal, be competent evidence of its execution. But it was not necessary, under the issue, to prove the execution of the instrument. The fact that it was executed by the president and secretary is admitted, and, as we have seen, the presumption is that they executed it by authority. As between the parties to the conveyance, an acknowledgment was not essential to its validity. The certificate of acknowledgment is by law made evidence of the due execution of the instrument; but is not essential to the passing of the title. By the deed, then, plaintiff was vested with the title to the strip of land in question; and, as he procured it for the purpose of perfecting the title in defendant, the conveyance inures to his benefit. Defendant, therefore, is now invested with the title to all the property which he supposed he was getting when he made the purchase, except lot 28 and the portion of 27, to which plaintiff never had title. These lots, however, are entirely detached from the balance of the property included in the purchase, and they are not essential to the use or enjoyment of it for the purpose for which defendant made the purchase. The failure of the title to them does not, therefore, afford any ground for rescinding the contract. For the injury which defendant sustains in consequence of such failure he has a full and adequate remedy in an action for damages on the covenants contained in his deed.

The strip of land obtained from the railroad company is incumbered with the mortgage given by the company, and

2. CONVEY-
ANCE: insuffi-
cient certifi-
cate of ac-
knowledg-
ment: when
not material.

3. ——: fail-
ure of title as
to part: re-
scission in
equity.

Morse v. Beale.

4. ——: mu- the important question in the case is whether this
tual mistake :
rescission in fact affords grounds for rescinding the contract.
equity: when
not allowed. It was certainly not within the contemplation of
of the parties, when they entered into the agreement, that
defendant should take the property charged with the lien of
said mortgage, and if the contract remained executory a court
of equity would not, by a decree for specific performance,
compel him to accept it with that incumbrance upon it.    But
the courts will not interfere to rescind an executed contract
in every case in which it would refuse to decree a specific
performance if the agreement remained executory.    Story,
Eq. Jur., § 693.    A decree for specific performance will be
refused whenever it is shown that the contract sought to be
enforced is founded in fraud, mistake, imposition or undue
advantage, or that it is not supported by an adequate con-
sideration.    But the courts will interfere to cancel or rescind
an executed contract which was founded in a mutual mistake
only when it is made reasonably to appear that the party
seeking relief will, unless such relief is granted, sustain an
injury for which he would have no adequate remedy at law,
and we do not think it is made to appear in this case that
defendant will sustain an injury of that character.    The
existence of the mortgage in no manner interferes with his
use or occupation of the premises.    It is not at all certain
that he will ever suffer damage in consequence of the existence
of the mortgage; nor does it appear that he would not have
an adequate remedy in an ordinary action upon the covenants
in his deed if he should in the future be evicted under the
mortgage.    We think, therefore, that the existence of the
mortgage does not afford grounds for rescinding the contract.

II.    Defendant was entitled, on his cross-petition, to recover
damages on account of the failure of the title to lot 28 and
part of 27.    The circuit court awarded him $300.    This
amount appears to us to be excessive.    The evidence shows that
defendant had contracted for the purchase of the property
from the owner for $40.    No witness put its value above that

amount, and we think he is not entitled to recover more than that.

On plaintiff's appeal the judgment will be modified by reducing the allowance of damages to defendant to $40. On defendant's appeal it will be

AFFIRMED: