LYDIA J. FREEMAN vs. WILLIAM H. CARPENTER & others.

Suffolk.    March 30, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Fraud — Creditor — Special Attachment — Injunction.*

Equity will not restrain the prosecution of a statutory remedy, if the rights of the parties can be fairly tried and are fully protected under another provision of the statutes.

BILL IN EQUITY, alleging that the plaintiff, Lydia J. Freeman, wife of Edward A. Freeman, on April 23, 1887, purchased with her separate property a parcel of land in Malden; that, by a deed duly recorded, it was conveyed to her sole use, and since that time it had been enjoyed by her as her separate property; that on or about May 19, 1887, this parcel was attached on mesne process as the property of her husband on different writs in actions brought against him in the Superior Court by the defendants William H. Carpenter and Alphonse A. Bonn; that these defendants recovered judgments against him on July 20, 1887, upon which executions duly issued on July 22, 1887; that the executions were placed, for levy on such parcel, in the hands of the remaining defendant, a deputy sheriff, by whom advertisement for the sale of the land was about to be or had been made; and praying for an injunction and further relief. The defendants filed separate answers, alleging that the attachment was made in pursuance of the Pub. Sts. c. 161, § 66, on the ground that the land was purchased and paid for by Edward A. Freeman, and conveyed to the plaintiff with the intent to defeat, delay, and defraud his creditors, and demurring to the bill on the ground that the plaintiff had a plain, adequate, and complete remedy at law.

In the Superior Court the demurrers were overruled; and the defendants appealed to this court.

*E. B. Goodsell*, for the defendant.

*L. C. Southard*, for the plaintiff.

MORTON, C. J. This is a bill in equity to enjoin the defendants from levying upon the plaintiff's land executions which

issued upon judgments against her husband. The defendants attached the land under the Pub. Sts. c. 161, § 66, as land of the husband which had been fraudulently conveyed to the plaintiff.

The statutes provide that any land of a debtor which has been fraudulently conveyed by him, or of which the record title has been conveyed to a third person, for the purpose of defrauding his creditors, may be taken on execution, and that, where land thus fraudulently held is levied on, the judgment creditor, or the purchaser at the sale, must within one year after the return day of the execution commence his suit to recover possession of the land, or the levy will be void. Pub. Sts. c. 172, §§ 1, 49.

This bill seeks to restrain the defendants from pursuing the remedy thus clearly given to them by the statutes. It alleges no peculiar circumstances which make this remedy unjust or inequitable as applied to this case. If this bill can be maintained, then in every case where a judgment creditor avails himself of the statute remedy the trial of the case may be transferred from a court of law to a court of equity. It is uniformly held that a court of equity will not issue an injunction to stay proceedings at law where the case can be fully and fairly tried at law. *Fuller* v. *Cadwell*, 6 Allen, 503. *Payson* v. *Lamson*, 134 Mass. 593.

In the case at bar all the issues raised by the plaintiff can be fully and fairly tried in the proceedings at law provided by the statute. Her rights are thus fully protected. The decree of the Superior Court must be reversed, and the demurrers of the defendants sustained.          *Demurrers sustained.*