Home Savings and Trust Company, Appellee, v. J. B. Hicks, Appellant.

**Injunctions:** JURISDICTION TO RESTRAIN PENAL ACTION BEFORE JUSTICE FOR FAILURE TO SATISFY MORTGAGE: *Pendency of action to fore-close same mortgage.* A court of equity has no jurisdiction, pending a subsequent action to foreclose a mortgage, to. restrain a justice of the peace having jurisdiction, and the mortgagor, from proceeding with a suit to recover a penalty for failure to satisfy the same; it appearing that the mortgage is in fact paid if a certain law is constitutional, but that there is a balance due in the other event; the unconstitutionality of the law being available- before the justice.

AMOUNT IN CONTROVERSY BEFORE THE JUSTICE: *Too small for appeal.* The fact that no appeal will lie from the justice's decision, owing to the smallness of the amount involved, is not ground for granting the injunction.

*Appeal from Polk District Court.*—Hon. S. F. Prouty, Judge.

THURSDAY, FEBRUARY 13, 1902.

Suit in equity to foreclose a mortgage, and to enjoin defendant from prosecuting an action in justice's court, wherein he was seeking to recover a penalty from plaintiff for failure to satisfy of record the mortgage sued on. A temporary writ of injunction was issued on the filing of the petition, which defendant moved to dissolve. This motion was overruled, and defendant appeals.—*Reversed.*

*Howe & Miller* and *Read & Read* for appellant.

*Dudley & Coffin* for appellee.

Deemer, J.—The case comes to us on a certificate from the trial judge which reads as follows, to wit: "Where

a mortgagor (one J. B. Hicks)'claimed that a real estate mortgage duly recorded in the office of the recorder of deeds of Polk county, Iowa, was paid in full, and served notice on the mortgagee, the Home Savings & Trust Company, demanding the cancellation of said mortgage within thirty days, as by law provided, and after the lapse of more than thirty days from the date of the service of said notice said Home Savings & Trust Company failing in the meantime to cancel said mortgage of record, brought suit in justice's court before John J. Halloran, a justice of the peace in and for Des Moines township, Polk county, Iowa (said township being the one in which the plaintiff, J. B. Hicks, mortgagor, and the defendant, the Home Savings & Trust Company, reside), to recover the $25 penalty provided by section 4295 of the Code of Iowa; and after the service of an original notice on the mortgagee, said Home Savings & Trust Company, defendant, and said defendant's appearance in said action in said justice's court, the said Home Savings & Trust Company commenced an action in equity in the district court of Polk county, Iowa, to foreclose said mortgage, claiming there is still due a balance of $236.04, and thereafter filed an amendment in said cause, asking for an injunction against the said J. B. Hicks, plaintiff, and said justice of the peace, enjoining them, and each of them, from proceeding further in said cause then pending before said justice of the peace, and from trying said action in said justice's court brought to recover said penalty for the mortgagee's failure to cancel said mortgage of record, until the determination of said cause in the district court; and said district court granted a temporary writ of injunction, enjoining and restraining said J. B. Hicks, plaintiff, and said John J. Halloran, justice of the peace, from prosecuting further in said cause and from trying the same until said cause should be determined in the district court, and on motion to dissolve said injunction, or hearing thereof, overruled said motion, and refused to dissolve said injunction,—now, did the said district court

have the power and authority, under the facts stated, to enjoin said J. B. Hicks and said John J. Halloran, justice of the peace? Did the court err, on said facts being shown on a motion to dissolve said injunction, in refusing to dissolve said injunction? Said mortgage being a building and loan association mortgage, which is in fact paid off if chapter 69 of the Acts of the Twenty-eighth General Assembly is constitutional, but upon which there is still a balance due if said act is unconstitutional. And arose for determination before the undersigned trial judge; and I, S. F. Prouty, trial judge, now, at the same term of court, certify that the above entitled cause involves the determination of a question of law, upon which it is desirable to have the opinion of the supreme court of the state of Iowa."

Defendant, among other things, contends that the justice of the peace had full jurisdiction of the matter pending before him, that he acquired jurisdiction before this suit was commenced, that the district court had no jurisdiction of the matter in issue before the justice, and that a court of equity has no jurisdiction to enjoin a court of law which has first taken cognizance of a case, and no right to . enjoin a judicial officer from exercising his official functions. On the other side it is contended that a court of equity has jurisdiction in such a case to prevent a multiplicity of suits; that the action before the justice was to prejudice the issues in the foreclosure proceedings; and that, in any event, the action should be sustained, because this court has held in *Edworthy v. Association,* 114 Iowa, 220, that chapter 69, Acts Twenty-eighth General Assembly, is unconstitutional, in so far as it is retroactive and attempts to modify the obligations of contracts. It is further contended that the action before the justice was not appealable, because of smallness of the amount involved, and that plaintiff herein would be prejudiced by an adverse holding of the justice, from which he could not appeal. Further, it is suggested that, as this court has held the act of the legis-

lature referred to unconstitutional, there is nothing left
in this case but the moot question of the right of a court of
equity to enjoin a justice of the peace in the performance
of his judicial duties, and that the appeal should be dis-
missed.

The ultimate question, we take it, is the right and
power of a court of equity, under the facts recited, to en-
join a justice of the peace and a plaintiff in an action before
him from proceeding with the trial of a *quasi* criminal
action.    The section of the Code under which the action
before the justice was brought is as follows: "When the
amount due on a mortgage is paid off, the mortgagee, or
those legally acting for him, and in case of payment of a
school fund mortgage, the county auditor, must acknowledge
satisfaction thereof in the margin of the record of a mort-
gage, or by execution of an instrument in writing, referring
to the mortgage, and duly acknowledged and recorded.    If
he fails to do so within thirty days after being requested
in writing, he shall forfeit to the mortgagor the sum of
$25.00."    Code, section 4295.    That the justice had juris-
diction both of the parties and of the subject-matter is
conceded, but, for the reasons above stated, it is insisted that
a court of equity has power and authority to enjoin him
from proceeding with the case.    If it were alleged and
proved that the justice had no jurisdiction either of the
persons or of the subject-matter of the action before him,
no doubt a writ of prohibition would lie.    But such a writ
is preventive rather than corrective.    In other words, if
the justice has jurisdiction, such a writ will not lie to control
his decision.    High, Extraordinary Remedies, sections 767,
767b, 768-772.    Nor will it be permitted to usurp the func-
tions of a writ of error or of certiorari.    Granting that an
appeal would not lie from a decision of the justice, because
of the amount involved, there would still remain the right
to sue out a writ of error.    There are also cases where a
court of equity will enjoin proceedings at law. In such cases

the writ is not granted because of want of jurisdiction in the legal tribunal, but to control one of the parties litigant, and to prevent him from using the processes of courts of law where it would be against conscience to allow him to proceed. 2 Story, Equity Jurisdiction, 875. Generally speaking, to warrant this interference by a court of chancery, fraud, accident, or mistake, sufficient to deprive the person aggrieved of a defense at law, must be shown. *Butch v. Lash,* 4 Iowa, 215. And as a general rule the court which first obtains jurisdiction of a matter in dispute will retain it to the end; and a court of equity will not interfere with proceedings in other courts of competent jurisdiction, inferior though they may be, which have first acquired control of the subject-matter of a controversy. High, Injunctions, section 50, and cases cited. Again, equity will sometimes interfere to restrain proceedings at law upon a bill in the nature of a bill of peace, the object of which is to restrain useless and vexatious litigation and to prevent a multiplicity of suits. But the bill will usually be granted only when plaintiff has already established his right at law. *Eldridge v. Hill,* 2 Johns. Ch. 281; *Poyer v. Village of Des Plaines,* 123 Ill. 111, (13 N. E. Rep. 819, 5 Am. St. Rep. 494). And mere apprehension or fear that the defendant may institute actions against plaintiff in the future will not warrant a court of equity in enjoining the original suit. *Wallace v. Society,* 67 N. Y. 23. Unconstitutionality of the law under which defendant is proceeding is not a ground for enjoining prosecutions. *Wallace v. Society, supra.* This is for the plain reason that the defense of unconstitutionality may be raised in the law forum. It is also well settled that a court of equity will not enjoin criminal proceedings, nor will it interfere with proceedings *quasi criminal. Moses v. Mayor, etc.,* 52 Ala. 198. The almost universal rule is that relief by injunction will not be granted when the matter presented as ground for the writ may be urged as a defense in the action at law. *Smith v. Short,* 11 Iowa, 523; *Dubuque & S. C. Ry. Co. v. Cedar*

*Falls & M. Ry. Co.,* 76 Iowa, 702; *Phoenix Mut. Life Ins. Co. v. Bailey,* 13 Wall, 616; (20 L. Ed. 501). Nor will the fact that plaintiff has no cause of action at law justify the interposition of a court of equity. *Chadoin v. Magee,* 20 Tex. 476; *Hartman v. Heady,* 57 Ind. 545.

With these rules settled, we now look back to the facts, and discover that the action before the justice was for the collection of a penalty; that it was commenced before the foreclosure suit was instituted; that the justice had complete jurisdiction of the action; that plaintiff's defense thereto, whether it was unconstitutionality of the law or the fact of non-payment, was available before the justice; that, if defeated before the justice, it might sue out a writ of error, or, if this be not true, and no appeal would lie, still there is no ground for equitable interference. There is no such showing as would justify a court of equity in interfering to prevent a multiplicity of suits, and no other ground of equitable interference is shown. The cases heretofore cited seem to settle all questions involved in this appeal. See, also, *Freeman v. Carpenter,* 147 Mass. 23, (16 N. E. Rep. 714). There may be some exceptions to the general rules herein announced, but appellee's counsel has not called our attention to any which seems applicable to the case. No such showing is made as will justify us in dismissing the appeal. Our attention has not been called to any principle on which the injunction can be sustained, and it follows that the motion to dissolve should have been sustained.—Reversed.