WILLARD G. NASH *vs.* JOHN E. McCATHERN & others.

Suffolk.　December 8, 1902. — May 22, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity Jurisdiction,* For an accounting, To restrain action at law.

Where an account is of such a nature, either by reason of the fiduciary relation between the parties, or by reason of its complexity and mutuality, that there would be jurisdiction of it in a suit in equity, but there also is a concurrent remedy at law, that court which first acquires jurisdiction must decide the case.

After a defendant in an action at law has appeared, and has engaged in a long hearing before an auditor and a long trial before a jury, as full and fair as the nature of the case admits of, *semble*, that he cannot maintain a bill in equity to restrain the action at law, which so far has been decided against him, on the ground that it might be settled more conveniently in equity.

BILL IN EQUITY, filed April 28, 1902, to restrain the defendant Watson, assignee of the defendant McCathern, from further prosecution of an action at law for an alleged balance, with a prayer for an accounting.

The case was heard by *Bell,* J. He made the findings stated by the court, and made a decree that an injunction be denied and that the bill be dismissed with costs. The plaintiff appealed.

*C. H. Stebbins,* for the plaintiff.

*D. N. Crowley & F. L. Roberts,* for the defendants.

MORTON, J. This is a bill in equity to restrain the defendant Watson from prosecuting an action at law brought by him against the plaintiff and pending in the Superior Court for Essex, and for an accounting and a determination of the rights of the various parties to the bill. There was a decree dismissing the bill with costs and the plaintiff appealed. The substance of the bill is that one Moore contracted with the defendant McCathern to build for him two hotels in Brookline according

to certain plans and specifications; that McCathern became
financially embarrassed and Moore assisted him and also be-
came financially embarrassed; that Moore, with the consent
of McCathern, conveyed the property to the plaintiff in trust to
complete the buildings according to the plans and specifications,
with authority to employ McCathern and any of his subcon-
tractors on such terms as he saw fit, and after completion to
dispose of the buildings and out of the proceeds, 1st, to reim-
burse himself, 2d, to pay the mortgages on the property, and
3d, to pay all persons who had furnished money or materials to
Moore or McCathern in the erection of the buildings and to pay
the surplus if any to Moore; that the plaintiff accepted said
conveyance and various other creditors interested in the premises
assented in writing to the same; that the plaintiff employed
McCathern to complete the buildings, which he did according
to the plans and specifications, the plaintiff furnishing money
and materials to the amount of about $60,000; that the plaintiff
has never been able to realize more than that amount on the
property; that after the buildings were completed McCathern
conveyed all his rights under the contracts relating thereto to
the defendant Watson by a conveyance absolute in form but
really as the plaintiff avers as security for money lent by Wat-
son to him; that prior to that conveyance McCathern had been
fully paid; that the defendants Day and Jones respectively fur-
nished labor and materials to McCathern in the erection of said
buildings before the conveyance to the plaintiff and that the
amounts so furnished are still due them; that notwithstanding
McCathern was fully paid Watson has brought suit against the
plaintiff in the Superior Court for Essex in which he claims
that there is due him under said contract about $8,000 and both
he and McCathern claim that no deduction is to be made from
said amount by reason of any sums which may be found due
Day and Jones under the trust agreement; that Day and Jones
claim that by reason of the trust agreement aforesaid the plain-
tiff is indebted to them and are threatening to bring suit; that
McCathern has been adjudicated bankrupt and the defendant
King appointed his trustee in bankruptcy and claims that the
conveyance to Watson was only by way of security and that he
is entitled to the overplus if any of the amount coming to

McCathern after what is due Watson has been paid, whereas Watson claims that he is the absolute owner and entitled to the full amount due; and lastly the plaintiff denies that he is indebted to any of the defendants by reason of the trust agreement or otherwise, but says that, if he is, he is ready and willing to pay the same, and by reason of the conflicting claims he is threatened with a multiplicity of suits to which he has no adequate defence at law. All of the parties have appeared and answered except Jones, who is a non-resident, and who has not appeared or been served with process. The defendant King denies that he has threatened or is threatening to bring suit against the plaintiff or that he has any claim or demand against him at law or in equity to recover any money due McCathern by reason of any contract between McCathern and Moore or between McCathern and the plaintiff. The defendant Day also denies that the plaintiff owes him anything by reason of the trust agreement aforesaid or that he threatens to bring suit against the defendant to recover the same. As already observed no jurisdiction has been acquired over Jones. In regard to the action at law brought by Watson against the plaintiff the judge found that the writ bore date March 14, 1899. An auditor was appointed without any objection, so far as appears, on the part of the present plaintiff, and the case was heard before him for upwards of fifteen days. Afterwards it was tried to a jury at the December sitting of the Superior Court at Salem occupying ten court days and resulting in a verdict for the plaintiff which was set aside. This bill was filed April 28, 1902, and when it was filed the action at law, if that is material, was upon the trial list and the daily short list.

The judge found and ruled, and we think rightly, that the question of multiplicity of parties was disposed of by the answers. That left Watson's as the only claim over which the court had jurisdiction to which the plaintiff was liable. The judge found and ruled, that the claim was based upon an account of such a nature that it could not be conveniently and properly settled and adjusted in an action at law, but that it was a matter of which the jurisdiction at law and in equity was concurrent, and that the ordinary rule that in cases of concurrent jurisdiction the court which first acquires jurisdiction must

decide the case, applied, and that in this case the rule applied with especial force because of the delay that there had been in appealing to equity.   We think that this ruling was right.   Assuming that the account was of such a nature either by reason of the fiduciary relations between the parties, or by reason of its complexity and mutuality that equity would have had jurisdiction of it on a suit brought by the plaintiff but for the action at law, the jurisdiction was concurrent and not exclusive.   *Carter* v. *Bailey*, 64 Maine, 458, 466.   *Mitchell* v. *Great Works Milling & Manuf. Co.* 2 Story, 648, 653.   *Post* v. *Kimberly*, 9 Johns. 470, 493.   1 Story Eq. Jur. §§ 442, 442 *a*.   Adams' Eq. 220, n. 1.   And in such cases the court which first acquires jurisdiction decides the case.   *Smith* v. *M'Iver*, 9 Wheat. 532.   Further, where the jurisdiction in equity is concurrent it may well be doubted whether the plaintiff would be permitted after having submitted to the jurisdiction of a court of law and engaged in a long hearing before an auditor and a long trial before a jury as full and fair as the nature of the case would admit to come into equity because the case, as far as it had gone, had been decided against him at law, and it might be more conveniently settled in equity.

*Decree affirmed.*