Fred Weseman, Appellant, v. Ed. Graham.

**Contracts:** cancellation: equitable jurisdiction.   The cancellation of an instrument can only be obtained in an equitable action: So that where plaintiff pleaded a contract, its breach, and demanded liquidated damages, and defendant admitted its execution but denied its effectiveness because of certain conditions, and in a cross-petition pleaded fraud and asked a cancellation of the contract, the court properly transferred the cause to the equity side of the docket.

**Same:** rescission: fraud: estoppel.   A party is not estopped from pleading fraud in the procurement of a contract until the fraud is discovered.   Thus where a refusal to perform a contract for the exchange of lands was based on the ground that the contract was not completed, and defendant pleaded that all he knew of the land the adverse party was to convey was what he stated, and upon subsequent investigation found the statements false, he was

not estopped from pleading the fraud, when sued for liquidated damages for refusal to perform, as ground for rescission.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

WEDNESDAY, NOVEMBER 20, 1912.

SUIT to recover liquidated damages. Judgment for the defendant from which the plaintiff appeals.—*Affirmed.*

*Remley & Remley,* and *Milton Remley,* for appellant.

*Ball & Ball* and *Wade, Dutcher & Davis,* for appellee.

SHERWIN, J.—The parties to this action signed a writing by the terms of which they were to exchange real estate; the plaintiff's land being in Nebraska and consisting of 605 acres, and the defendant's land·being in Missouri and consisting of 1,109 acres. The writing provided for liquidated damages in the sum of $5,000 should either party fail to comply with its terms.

The plaintiff pleaded the agreement, alleged a breach thereof, and asked to recover the damage provided for therein. The defendant admitted signing the writing, but denied that it ever became a contract between them. He alleged that it was delivered to a third party, to be held until he could learn whether his brother, who was the owner of the·Missouri land, had a deal on for the sale or exchange of the land, and, if he had, that the writing was not to be delivered to the plaintiff, and was not to become effective or a contract binding either party. The defendant further pleaded that at the time in question his brother was negotiating the sale or exchange of the Missouri land, and that, upon learning·thereof, he immediately notified the plaintiff

1. CONTRACTS: cancellation: equitable jurisdiction.

of such fact, and of the fact that he could not make the contemplated contract with the plaintiff. The defendant in a cross-petition pleaded false and fraudulent representations as to the quality and value of the Nebraska land, and asked that the contract be canceled. After the issues had been thus settled, the defendant moved to transfer the issue on the cancellation of the contract to the equity side of the docket to be first tried. This motion was sustained, and the issue was so tried; the trial resulting in a judgment for the defendant. We are of the opinion that the court properly sustained the motion to transfer. It is, of course, true that the question whether there had, in fact, been a contract and the question of fraud in its procurement, if there was a contract, could both be determined in a law action. But the plaintiff might have dismissed before trial, in which event the defendant, in the absence of a cross-petition praying a cancellation of the contract, might still be subject to another action on an apparently valid contract. We have held that the cancellation of a contract can only be procured in equity, and under the rule so announced the issue here was properly tried. *Twogood v. Allee,* 125 Iowa, 59; *Carey v. Gunnison et al.,* 65 Iowa, 702; *Johnston & Son v. Roebuck,* 104 Iowa, 523.

The defendant claims that the writing was not to be delivered or to become effective as a contract, if his brother, who was the owner of the Missouri land, was at that time negotiating a sale or exchange thereof. On the other hand, the plaintiff claims that the only condition on which the completion of the contract depended was that the brother had already made a sale of the Missouri land. We reach the conclusion that the defendant's statement of this oral agreement is the true one, and that the writing never, in fact, represented a contract between the parties, for it is conclusively shown that the brother was then negotiating a sale or exchange of this land and was then in Missouri, or on his way there

2. SAME: rescission: fraud: estoppel.

in furtherance of such negotiation.   But, even if the writing became a contract, we are convinced that it was procured by the false and fraudulent representations of the plaintiff as to the quality and value of the Nebraska land. The plaintiff knew the quality of his land and its value, while the defendant had not seen it, nor did he know anything about it aside from: what the plaintiff told him.

The appellant says, however, that the defendant did not base his refusal to carry out the terms of the writing on the ground of fraud, and that he could not change his position after the suit was brought.   The defendant based his refusal on the proposition that he had never made a contract, and at that time all he knew about the land was what the plaintiff had told him.   But, after this suit was begun, he investigated the land, and found that plaintiff's statements relative thereto were false.   If he did not know of the fraud that had been attempted when he first refused to complete the contract, he was not estopped from pleading and relying thereon after he knew the facts.   The judgment is—*Affirmed.*