I. E. BEEMAN, Administrator, Appellee, v. BANKERS LIFE COMPANY, Appellant.

No. 41721.

APRIL 4, 1933.

1164

A. E. Sheridan and Alberson & Nourse, for appellant.

G. B. Richter and J. E. O'Brien, for appellee.

KINTZINGER, J.—On February 11, 1924, the defendant issued a $5,000 policy to William C. Bender. The insured paid all the premiums up to August, 1929, and in default of the premium due at that time, the insured was notified that the policy was lapsed and that it was placed on an extended insurance basis, and that the double indemnity benefit was canceled.

On November 25th the insured applied for reinstatement, and in his application therefor stated that he was in good health and had not been ill or injured for five years prior to the date of the application, and that he had not consulted or been treated by a physician within that time.

Defendant in its answer alleges that the statements as to condition of insured's health were wholly untrue, and that he had suf-fered an attack of carbon monoxide within five days prior to his application for reinstatement, that he had become ill therefrom and suffered injury, all of which facts were well known by him to be untrue and misleading. Defendant relied upon the truth of the statements made by the insured in his application for reinstatement, and by reason thereof issued a certificate of reinstatement.

After proof of death, the appellant paid the administrator $5,000, being the face of the policy, and refused to pay the double indemnity. These facts were set out in defendant's answer, and also in count 2 as a cross-bill for equitable relief, asking the cancella-tion of the policy, and for such other and further relief as in equity it was entitled. The petition was filed on the 21st of August, 1930, and the answer and cross-bill were filed on the 16th of February, 1932.

On the 17th of February, 1932, defendant filed a motion to transfer the case to equity. The motion was overruled, and the de-fendant appeals.

The only question before this court is whether or not the de-fendant was entitled to have the equitable issues raised in its answer

transferred to a court of equity before proceeding with the trial of the law action. The sole question on this appeal is the correctness of the court's ruling refusing to transfer the case to equity.

This case was started as a law action. The defense interposed is that the statements made by the insured in his application for reinstatement constituted fraud, and were of such a fraudulent nature as to entitle the insurance company to a cancellation of the contract of reinstatement.

The general rule is that where the courts of law afford relief from any alleged fraudulent acts, the jurisdiction of equity is concurrent, but that the courts will not remove the case to equity where the defense in a law action is full and adequate.

"So far as courts of law afford relief from fraud the jurisdiction of equity is concurrent, but equity will generally decline to exercise it where the legal remedy is in all respects adequate, and there are no special circumstances requiring the exercise of equitable jurisdiction, unless the administration of justice will thereby evidently be facilitated. Where the parties are entitled to a trial by a jury to determine questions of fact, it is the policy of equity not to take jurisdiction, but to relegate the parties to that remedy at law where their constitutional right to have the facts in dispute submitted to a jury can be accorded them." 21 C. J. 107.

This rule was followed in the case of Biermann v. Guaranty Mut. Life Ins. Co., 142 Iowa 341, 120 N. W. 963, 964. That was an action brought to recover upon an insurance policy, and the defendant contested on the ground of false statements made in the application for the policy. In that case the company contended that the deceased in his application for the policy warranted that he was not in the habit of using intoxicating liquor and was not interested in the sale thereof; that he was in good and sound condition of health, when in fact he was addicted to the use of intoxicating liquor and was interested in certain liquor saloons in Marshalltown, and was not in sound health. These facts were stated in cross-petition, and the defendant moved to have the issues on fraud transferred to equity. In that case we said:

"Error is assigned upon the refusal of the court to separate the issues, and try the matters alleged in the cross-petition as in equity, before proceeding with the main action. It would hardly

seem necessary to go into extended argument to demonstrate the un-soundness of this claim. The defendant had been brought into a court of law to answer to an action upon its contract. If that con-tract had been procured by fraud or false representations, such fact was a full, complete, and perfect defense to the action, and, if that defense was made good, the policy would be deprived of all vitality as fully as could have been accomplished by a decree in equity formally cancelling it. * * * This court has held that equity will not entertain an action to rescind a contract for mistake, unless it appears that an injury will result for which the aggrieved party will have no adequate remedy at law. Morse v. Beale, 68 Iowa 463, 27 N. W. 461. So, too, where a court of law has already obtained jurisdiction of a controversy involving an alleged fraud, equity will not interfere. * * * To sustain the position of the appellant herein would be to sanction a practice by which the plaintiff in every action upon an insurance policy, or, indeed, upon every simple matter of contract, may be deprived of his constitutional right to have his cause submitted to a jury. The attempt so to do is by no means without precedent in this state. In the early case of Smith v. Short, 11 Iowa 523, Short brought an action at law to recover the price of certain land sold by him to Smith. The latter then sued out an injunction to enjoin the proceeding at law on the ground that the contract had been procured by fraud, and that Short had no title to the land he pretended to sell. In holding that the injunction was improperly issued, this court said: 'For aught that is shown, every matter stated in the bill can be made as fully available in answer and defense to the action at law as by an appeal to equity. Under such circumstances, the parties should be left to their legal remedies and defenses.' Practically the same question was raised in Smith v. Griswold, 95 Iowa 684, 64 N. W. 624. There an action at law was brought upon a duebill and upon cross-petition to reform the instrument a motion to transfer the issue to equity for trial to the court was overruled. Affirming this ruling, the opinion says: 'The sufficiency of the facts pleaded as a defense was not questioned, and, if they were established, the law forum gave the same relief as was sought in equity. The facts which would reform the instrument would defeat a recovery on it. Under such circumstances equity has no jurisdiction. This is elementary.' Further discussion of this branch of the case is unnecessary. The court did not err in over-ruling the defendant's motion."

Our court has repeatedly followed this rule. Welch v. Union Central Life Ins. Co., 108 Iowa 224, 78 N. W. 853; 50 L. R. A. 774; Peoples' Trust & Savings Bank v. Engle, 194 Iowa 518, 188 N. W. 707; Lambertson v. Nat. Investment & Finance Co., 200 Iowa 527, 202 N. W. 119; Morris v. Merritt, 52 Iowa 496, 3 N. W. 504; Smith v. Short et al., 11 Iowa 523; Gray v. Coan, 36 Iowa 296; Stewart v. Johnston & Co., 44 Iowa 435; Home Sav. & T. Co. v. Hicks, 116 Iowa 114, 89 N. W. 103; Dille v. Longwell, 169 Iowa 686, 148 N. W. 637. It is also the general rule in other jurisdictions. Nash v. McCathern, 183 Mass. 345, 67 N. E. 323; Phoenix Mut. Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. U. S. L. Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188; The Sailors v. Woelfle, 118 Tenn. 755, 102 S. W. 1109, 12 L. R. A. (N. S.) 881; Eaton v. Trowbridge, 38 Mich. 454; Sweeny v. Williams, 36 N. J. Eq. 627; Bankers' Reserve Life Co. v. Omberson, 123 Minn. 285, 143 N. W. 735, 48 L. R. A. (N. S.) 265. The cases bearing on this question have also been exhaustively reviewed in an opinion written by Albert, J., in the Des Moines C. R. Co. v. Amalgamated Ass'n, 204 Iowa 1195, 213 N. W. 264.

The record in the Biermann case shows that section 3435 of the Code, now section 10947, was also relied on by appellant as a ground for having the case transferred to equity. This section was also relied on in the case of Lynch v. Schemmel, 176 Iowa 499 at page 505, 155 N. W. 1019, 1021. In that case the court said:

"It will be noted from inspection of the allegations of the answer above set forth that the only defenses pleaded as against the validity of the notes sued on are duress and want of consideration. Neither of such defenses present any issue 'heretofore exclusively cognizable in equity.' These defenses are without question available to the defendant as a defense at law. It is urged, however, that the defendant prayed for equitable relief in the form of a cancellation of the notes, and that such relief could be had only in equity. But we have frequently held that the mere prayer of a cross-petition asking for a cancellation of the instrument sued on by the plaintiff will not of itself entitle the defendant to a trial of the issues on the equity side. This is squarely held in Gray v. Coan, 36 Iowa 296; Biermann v. Guaranty Mut. Life Ins. Co., 142 Iowa 341, 120 N. W. 963; Dille v. Longwell, 169 Iowa 686, 148 N. W. 637."

A further consideration of these cases will serve no useful

purpose in this case, because they all adhere to the rule announced herein. This rule is of such long standing and has been so often followed that we would not feel warranted in changing it at this time.

We believe the ruling of the lower court was right, and the same is hereby affirmed.—Affirmed.

All Justices concur.