HOWARD RANDOLPH, Appellee, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

No. 42075.

OCTOBER 24, 1933.

Parrish, Cohen, Guthrie & Watters, for appellant.

Salinger, Reynolds & Meyers, and R. E. Duffield, for appellee.

KINDIG, J.—On October 13, 1931, the defendant-appellant, State Farm Mutual Automobile Insurance Company, an Illinois insurance corporation, through its state agent, C. W. Huntley, mailed to Howard Randolph, the plaintiff-appellee, at Guthrie Center, Iowa, for execution by him, two "form" copies of a county manager contract. These contracts purported to make the appellee the county manager for the appellant in Guthrie county for the balance of the year ending December 31, 1931. It is said by the appellant that the contracts were in the form customarily used in Iowa by the ap-

pellant. The contracts consisted of five sheets of legal size paper, with the agreement mimeographed thereon.

After signing the contracts, the appellee, on October 24, 1931, forwarded the signed documents to the appellant at Des Moines. Whereupon, the contracts were signed by the said C. W. Huntley, state agent for the appellant. He then forwarded the said contracts, together with fifty-eight other contracts, to the appellant at Bloomington, Illinois. Upon receipt of the appellee's contracts, the appellant signed the same and made due delivery thereof.

Following the execution of the contracts, the appellant claims that on February 24, 1932, it discovered that the appellee had fraudulently changed the contracts before signing them. Such fraud, it is claimed, was not known to the appellant when it executed the contracts. Had it known of the fraud, the appellant declares that it would not have signed the contracts. Because the appellant refused to perform the contracts, the appellee, on April 23, 1932, commenced this action at law to recover from the appellant $2,900, with interest at the rate of 6 per cent per annum from March 8, 1932, as damages for the alleged breach.

By way of answer to this petition, the appellant pleaded the alleged fraud in the procurement of the contracts before mentioned. Then for affirmative relief, the appellant pleaded the fraud, and asked for the cancellation of the contracts. While the suit was thus pending, the appellant, on the theory that the prayer for cancellation raised equitable issues, by motion asked to have the cause transferred to the equity side of the calendar. This motion was overruled by the district court, and the appellant appeals. See Price v. Aetna Insurance Co., 80 Iowa 408, 45 N. W. 1053.

Section 10947 of the 1931 Code provides:

"Where the action has been properly commenced by ordinary proceedings, either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings; and if all the issues were such, though none were exclusively so, the defendant shall be entitled to have them all tried as in cases of equitable proceedings."

It is contended by the appellant that the foregoing section of the statutes authorized it to have the matters set forth in its cross-petition tried in equity. An action brought to cancel an instrument

obtained by fraud, the appellant argues, is an action exclusively cognizable in equity. That conclusion is sustained, the appellant argues, by Weseman v. Graham, 157 Iowa 430, 138 N. W. 478. The district court refused to follow Weseman v. Graham on the theory that, while the result there reached may have been justified by the record, yet the statements of the law were not well considered and are .inconsistent with other decisions of this court rendered both before and after that opinion was handed down.

Generally speaking, three reasons are assigned by the appellant why the judgment of the district court should be reversed. These reasons are: first, because Weseman v. Graham (157 Iowa 430, 138 N. W. 478), supra, is a controlling precedent; second, because, if the contracts are not canceled in equity, the appellee in the law action may dismiss his suit and then continue to harass and annoy the appellant by attempting to enforce the contracts in the future; and, third, because all causes of action on the aforesaid contracts have not accrued, and therefore, regardless of the result in the present suit, the appellee will again sue the appellant when the contracts mature.

Weseman v. Graham (157 Iowa 430, 138 N. W. 478), supra, is not sustained by the other cases in this state upon the same subject. Some of these cases were decided before Weseman v. Graham (Gray v. Coan, 36 Iowa 296, and Biermann v. Guaranty Mutual Life Insurance Co., 142 Iowa 341, 120 N. W. 963), and others were determined thereafter (Dille v. Longwell, 169 Iowa 686, 148 N. W. 637, and Beeman v. Bankers Life Co, 215 Iowa 1163, 247 N. W. 673). Although Weseman v. Graham (157 Iowa 430, 138 N. W. 478), supra, has not been expressly overruled, it has been impliedly overruled so far as it is inconsistent with Beeman v. Bankers Life Co., supra, and the other cases just mentioned. According to the Beeman case, reading on pages 1165, 1166 of 215 Iowa, page 674 of 247 Northwestern Reporter:

"The general rule is that where the courts of law afford relief from any alleged fraudulent acts, the jurisdiction of equity is concurrent, but that the courts will not remove the case to equity where the defense in a law action is full and adequate. * * * 'This court has held that equity will not entertain an action to rescind a contract for mistake, unless it appears that an injury will result for which the aggrieved party will have no adequate remedy at law. Morse v. Beale, 68 Iowa 463, 27 N. W. 461. So, too, where a court

of law has already obtained jurisdiction of a controversy involving an alleged fraud, equity will not interfere. * * * To sustain the position of the appellant herein would be to sanction a practice by which the plaintiff in every action upon an insurance policy, or, indeed, upon every simple matter of contract, may be deprived of his constitutional right to have his cause submitted to a jury'."

Continuing, we said in Beeman v. Bankers Life Co., reading on page 1167, 215 Iowa, page 675 of 247 Northwestern Reporter:

"The record in the Biermann case [142 Iowa 341, 120 N. W. 963] shows that section 3435 of the Code, now section 10947, was also relied on by appellant as a ground for having the case transferred to equity. This section was also relied on in the case of Lynch v. Schemmel, 176 Iowa 499 at page 505, 155 N. W. 1019, 1021. In that case the court said: 'It will be noted from inspection of the allegations of the answer above set forth that the only defenses pleaded as against the validity of the notes sued on are duress and want of consideration. Neither of such defenses present any issue "heretofore exclusively cognizable in equity." These defenses are without question available to the defendant as a defense at law. It is urged, however, that the defendant prayed for equitable relief *in the form of a cancellation of the notes, and that such relief could be had only in equity. But we have frequently held that the mere prayer of a cross-petition asking for a cancellation of the instrument sued on by the plaintiff* will not of itself entitle the defendant to a trial of the issues on the equity side.'" (Italics ours.)

Manifestly, therefore, the rule in this state is not that contained in Weseman v. Graham (157 Iowa 430, 138 N. W. 478), supra, but rather the one announced in Beeman v. Bankers Life Company, 215 Iowa 1163, 247 N. W. 673, supra. Of course, there may be facts and circumstances present which give rise to a situation where the pending law action will not afford full relief in view of a cross-petition. In such event, of course, the cause should be transferred to the equity side of the calendar, where the equitable issues may be tried. Under such circumstances, the administration of justice would require that the cause be transferred to equity.

These special circumstances, however, are not present in the case at bar. If the contracts were procured by fraud, as alleged by the appellant, that will end the entire controversy in law, as well

as in equity. One relief is as full and complete as the other, under the record. The remedy at law under these circumstances is just as adequate as that in equity. A contract procured by fraud is unenforceable in law as well as in equity. Beeman v. Bankers Life Company, 215 Iowa 1163, 247 N. W. 673, supra, and cases therein cited. Consequently a careful consideration of the propositions advocated by the appellant, as above catalogued, to sustain Weseman v. Graham (157 Iowa 430, 138 N. W. 478), will reveal their fatal weaknesses.

■ In the first place, if the appellee, as feared by the appellant, should dismiss his suit at law before final judgment, the appellant's cross-petition still would be effective. By dismissing his suit, the appellee thereby could not dismiss the appellant's cross-petition. After the appellee had dismissed his suit, the appellant then, no doubt, could have the issues raised on its cross-petition transferred to equity for trial. Because of the circumstances here present, the appellant is fully protected in every event.

A determination of the fraud issue in the case at bar will end the appellee's right to recover on the contracts. Even though, as suggested by the appellant, all causes of action have not yet accrued on the contracts, nevertheless, one cause of action has accrued. That cause of action is based upon the contracts. If the contracts are void or unenforceable because of fraud in their procurement, they are not valid in either law or equity. Assuming that the contracts are void or invalid because of fraud, the appellee cannot recover in this case, nor can he recover in any case hereafter founded thereon. Aultman v. Mount, 62 Iowa 674, 18 N. W. 306; Lynch v. Schemmel, 176 Iowa 499, 155 N. W. 1019.

Plainly, therefore, the law action was sufficient to give the appellant adequate relief for the alleged fraud committed by the appellee.

Wherefore the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

ALBERT, C. J., and EVANS, CLAUSSEN, KINTZINGER, STEVENS, and DONEGAN, JJ., concur.